### T. J. ELDER v. FIRST NATIONAL BANK OF GALVESTON.

Application No. 1687.—Decided January 27, 1898.

**1.  Case Questioned—Sale of Land—Warranty—Failure of Title.**
     The conclusion of the Court of Civil Appeals affirming the judgment in this case (42 S. W. Rep., 124; 43 S. W. Rep., 19) is approved,—but without expressing assent to the propositions on which it was based. (Pp. 423, 424.)

**2.  Same—Abatement of Purchase Money—Mistake—Reformation of Deed.**
     In a suit for foreclosure of a vendor's lien, resisted by plea of failure of title to portions of the land sold with warranty, the evidence showed a case for reforming the deed on the ground that the tracts of which title was alleged to have failed were included in the description by mistake. Held, that the court, in the exercise of its equitable jurisdiction could deny an abatement of the purchase money without decreeing a correction of the instrument. (Pp. 423, 424.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Falls County.

*Martin & Eddins,* for petitioner.

[No briefs have reached the Reporter.]

GAINES, CHIEF JUSTICE.—We are not prepared to concur in the proposition upon which the Court of Civil Appeals affirmed the judgment of the trial court. But in reply to the answer of Elder, the defendant in the trial court, that the title had failed to several of the small tracts embraced within the field notes of the deed made to him by

Carter, the plaintiff filed a supplemental petition in which it alleged in substance that Carter agreed to sell to defendant a certain tract of land well known to defendant, which as defendant also knew embraced neither of the smaller tracts, the title to which was alleged to have failed—but that by inadvertence and mistake the field notes in the deed as drawn embraced all of such tracts.    These facts were established beyond controversy and make a case for the reformation of the instrument if such reformation were necessary for the purposes of this suit.    But we think that the trial court in the exercise of its equitable jurisdiction had the power to mete out exact justice between the parties, without a correction of the instrument.    The deed as it stands conveys all the land which Carter agreed to sell and which the defendant agreed to purchase.    Under the pleadings and evidence he cannot in a court of equity claim any abatement of the purchase money of land which was actually sold and conveyed to him, by the reason of the failure of title to other land which was not in fact sold, though it was inadvertently conveyed.    The writ of error is therefore refused.

*Writ of error refused.*