**KEYSTONE PIPE & SUPPLY CO. OF TEX-AS v. KLEEDEN et al. (No. 2899.)**

Court of Civil Appeals of Texas. Amarillo.
Nov. 2, 1927.

1. Contracts ⬤➾93(5)—Mutual mistake of fact, to relieve party to contract from liability, must refer to material part of contract and must be as to material fact, past or present.

In order to relieve party to written contract from liability thereon on ground of mutual mistake of fact, mistake must be with reference to material part of contract, and mistake must be as to some material fact, past or present.

2. Contracts ⬤➾99(3) — Written contract, signed by parties, must be taken prima facie as expressing terms and conditions of agreement.

Written contract, signed by parties, must be taken prima facie as expressing terms and conditions of their agreement, as against claim of mistake, etc.

3. Evidence ⬤➾433(2), 434(2)—To avoid effect of written stipulations, party must, under parol evidence rule, plead and prove they were executed through fraud, accident, or mistake.

In order to avoid effect of written stipulations, party must, under parol evidence rule, plead and prove that they were executed through fraud, accident, or mistake of which equity will take cognizance.

4. Contracts ⬤➾93(5)—Mistake of one party only in expressing agreement or as to subject-matter, not known to the other, does not affect contract's binding force.

Mistake of one of parties to contract only in expression of his agreement or as to subject-matter, not known to the other, does not affect its binding force.

5. Evidence ⬤➾397(1)—Generally, person is bound by agreement to which he has assented, when assent is uninfluenced by fraud, violence, undue influence, etc.

General rule is that person is bound by an agreement to which he has assented, where assent is uninfluenced by fraud, violence, undue influence, or the like, and he will not be permitted to say that he did not intend to agree to its terms.

6. Contracts ⬤➾93(2)—Generally, person cannot avoid written contract on ground that he did not attend to its terms, did not read contract, or supposed it was different in terms.

As general rule, person cannot avoid written contract into which he has entered on ground that he did not attend to its terms, that he did not read document which he signed, or that he supposed it was different in its terms.

7. Equity ⬤➾23—Equity will not relieve person competent to contract from failure to exercise reasonable care in its execution.

Equity will not relieve person competent to contract from failure to exercise reasonable care and diligence in its execution.

8. Pleading ⬤➾8(15)—Allegation that contracts were executed under circumstances which "amounted to fraud in law" was legal conclusion.

Allegation that contracts were executed under circumstances which "amounted to fraud in law" was statement of a legal conclusion only.

9. Evidence ⬤➾433(6)—Allegations of mutual mistake in contract providing for rental of casings to be used in drilling oil well in answer in suit on contract held insufficient, under parol evidence rule.

In action to recover amount due under contract for rental of casings used by defendants in drilling oil well, defendant's allegations of mutual mistake in contract in that real agreement was that defendants were to become owners of casing and pipe if they did not return same to plaintiff within 60 days, and were to be liable for price stated in writing, and not for rent therein stipulated to be paid monthly in advance after 60 days, *held* insufficient, since it came directly within terms of parol evidence rule and evidence was not admissible under it.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Action by the Keystone Pipe & Supply Company of Texas against Mark Kleeden and others. From the judgment, plaintiff appeals. Reversed and remanded.

Slay, Simon & Smith and Hampden Spiller, all of Fort Worth, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellees.

HALL, C. J. The appellant, hereinafter referred to as the Keystone Company, sued appellees Kleeden, W. A. Smith, and R. T. Craig, as partners, alleging that they were a partnership doing business under the firm name of Vernon Gas Company. The action is based on an account for $2,530.66, alleged to be due plaintiff for goods, wares, and merchandise, consisting specifically of tools, casing, fittings, and other materials, and for rental charges accruing to plaintiff upon a lease of certain casings used by defendants in drilling an oil well. Plaintiff also sues for expenses incurred by it incident to reclaiming and removing the casing from the well to plaintiff's place of business.

The action against Craig is based upon a certain written order given by Kleeden upon Craig for $1,500 and O. K.'s by the latter. No judgment was rendered against Craig, and no issue is made upon that action of the court in this appeal. The various items of merchandise consisting of oil well supplies are itemized and set out in a sworn account attached to plaintiff's petition. The necessary formal allegations were made to entitle plaintiff to recover.

Following these, plaintiff alleges:

That the rental charges accruing upon the 6⅝-inch casing mentioned in the account accrued to plaintiff and became due under and

by virtue of a certain written contract executed and delivered by Kleeden to it in behalf of all the defendants, said contract providing for the rental of 1,450 feet of said casing, for which the defendants agreed to pay as follows:

"For the first 60 days, or any part thereof, the sum of 26 cents (meaning 26 cents per foot), or $400, and for each 30 days, or any part thereof, during the term of said lease the sum of 10 cents (meaning 10 cents per foot), payable in advance."

That the 10-inch casing mentioned in the itemized account was leased to defendants, under written contract signed by Kleeden in behalf of all defendants, and that 591 feet 1 inch of said casing was leased, for which defendants agreed to pay rentals as follows:

"For the first 30 days, or any part thereof, 40 cents per foot, payable at the execution of said contract, and for each 30 days thereafter during the term of said lease 16 cents per foot, payable in advance for each 30-day period, or any part thereof."

Plaintiff further alleged that it was provided in both of said contracts that at the expiration or termination thereof the lessees agreed to return said casing to lessor's yards in Vernon, and in the event of default lessor should have the right to take possession of said property; that lessees would pay all expenses incident to repossessing said property, including reasonable attorney's fees.

It is further alleged that the 3,030 feet of 2-inch pipe itemized in the account was leased to defendants at 1½ cents per foot per month; said contracts were dated October 13, 1925; that the total amount of said account due on January 1st, including the rental on the casings, was $4,001.73; that all of said pipe, with the exception of a small quantity, had been returned, as appeared from the credits entered on the account. Certain other specific items for labor, expenses of hauling and pulling the casings were referred to in the pleading. Plaintiff prays for $1,000 attorney's fees, and for a balance of $2,530.66 after the credits have been allowed.

Craig answered by a general demurrer, general denial, and a verified plea, denying partnership. The substance of the amended answer and the trial amendment filed by Kleeden and Smith, the defendants, is that Kleeden, who contracted with plaintiff, did not agree to pay rental on the casing furnished for a period in excess of 60 days, but that the true agreement made was that if defendants did not return the casing at the expiration of 60 days, then the casing was to be the property of the defendants and they would be obligated to pay for same at the price specified in the contracts; that this was the understanding at the time the casing was delivered and was so represented to the defendant Mark Kleeden to be the agreement at the time he filed the rental contracts. The further allegation is made in the trial amendment that the written instrument sued on was signed under a mutual mistake, in that at the time of the sale of the casing and delivery of the casing to defendants both the said defendant Kleeden and the plaintiff believed and understood that the contract did represent the facts as alleged in defendants' answer, to wit:

That they were under the belief and understanding that the true agreement of the parties was that defendants were to pay rental on the casing for a period of 60 days, and, if at that time the casing was not returned, then it should be the property of defendants, and they would owe the plaintiffs the purchase price thereof; that this being the understanding of both parties at the time the written contracts were signed, such contracts were executed through a mutual mistake of the parties as to their contents and amounted to a fraud in law.

By a supplemental petition, plaintiff excepted to the trial amendment, because it was not specifically alleged in what particular manner the mutual mistake occurred, nor what facts constitute the mutual mistake, and because the allegations in respect thereto were too vague, indefinite, and uncertain. In these exceptions, which are termed special exceptions in the supplemental petition, it is recited that the allegations are "insufficient, as a matter of law, to constitute any allegations of mutual mistake," thus, in effect, urging a general demurrer against the defendants' allegations constituting their defense upon that ground.

The court overruled these demurrers, and we think this action constitutes error.

A trial to the court without a jury resulted in a judgment that plaintiff take nothing as to the defendant Craig, and that it recover of the defendant Kleeden and the partnership the sum of $1,310.23, with interest from the date of the judgment.

Under the first two propositions, appellant contends that the pleadings by the defendants, setting up the execution of the contracts under a mutual mistake, are not sufficient to relieve them from the effect of the rental contracts, and that defendants do not allege the true agreement of the parties thereto, and further that the facts alleged are insufficient in law to show a mutual mistake in the execution of the instruments.

[1-4] The effect of the allegations which attempt to show a mutual mistake in the execution of the instruments is tantamount to an attempt to vary and contradict the terms of the written contracts without alleging fraud or such mistake as would entitle the defendants, under the parol evidence rule, to prove the agreement and understanding which defendants allege the parties had at the time the contracts were executed. In order to relieve a party to a written contract from liability thereon, upon the ground of a mutual mistake of fact, the mistake must be with

reference to a material part of the contract, that is, its subject-matter and the substance thereof. It may apply to the nature of the contract, the identity of the person with whom the contract is made, or the existence or identity of the subject-matter. Moreover, the mistake must be as to some material fact, past or present. Of course, if the minds of the parties did not meet, there could be no contractual relation between them, but in this case we are confronted by formal written contracts signed by the parties, which must be taken prima facie as expressing the terms and conditions of their agreement. In order to avoid the effect of the written stipulations, defendant must, under the parol evidence rule, plead and prove that they were executed through fraud, accident, or a mistake, of which equity will take cognizance. The inference from the defendants' allegations that Kleeden did not read all the terms and conditions of the contracts, but executed them, believing that they did not vary the parol agreement, is that plaintiff prepared the writings; if so, plaintiff's representative was not mistaken as to any part of the writings, and a mistake of one of the parties only, in the expression of his agreement or as to the subject-matter not known to the other, does not affect its binding force. 13 C. J. 373; 6 R. C. L. "Contracts," § 42.

[5] "The general rule of law is that a person is bound by an agreement to which he has assented where this assent is uninfluenced by fraud, violence, undue influence or the like, and he will not be permitted to say that he did not intend to agree to its terms." 13 C. J. 369, § 248.

[6] "As a general rule, a person cannot avoid a written contract into which he has entered, on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms." 13 C. J. 370, § 240; 6 R. C. L. "Contracts," §§ 40, 41; Yantis v. Jones (Tex. Civ. App.) 184 S. W. 572; Tom v. Roberson (Tex. Civ. App.) 182 S. W. 698.

It is not alleged that plaintiff's representative, who executed the contract for plaintiff company, made any false representations as to the contents of the writing, nor that Kleeden, who represented the defendants, was illiterate, nor that there was any confidential relation existing between the parties who actually executed it. 6 R. C. L. "Contracts," § 43.

299 S.W.—43

[7, 8] According to the allegations, Kleeden was guilty of negligence in signing and accepting the contracts without first reading them. Equity will not relieve a person competent to contract from a failure to exercise reasonable care and diligence in its execution. The allegation that the contracts were executed under circumstances which "amounted to a fraud in law" is the statement of a legal conclusion only, and the facts alleged do not justify the conclusion, since they do not show constructive fraud or fraud in law. 26 C. J. 1061, 1062.

[9] The facts concerning which there was alleged to be a mutual mistake were neither facts existing in the past nor in the present. The parties agreed as to the size and amount of the casing and pipe to be leased. Neither the identity of the parties or premises, nor the rent to be paid, nor the purchase price of the casing in the event defendants should purchase it, is in doubt. The misunderstanding was alleged to be as to that stipulation of the contract which bound defendants to pay the agreed rent after 60 days, if they did not exercise their option and purchase it at that time. Defendants insist that they were not to pay rent after 60 days, but according to the real agreement they were to become owners of the casing and pipe if they did not return it to plaintiff within 60 days, and were to be liable for the price per foot stated in the writing and not for the rent therein stipulated to be paid monthly in advance, after the 60 days.

We think this allegation comes directly within the terms of the parol evidence rule, and evidence was not admissible under it, since the effect of its admission would have been to vary and contradict the written contracts.

Appellant further insists that there was no evidence tending to show that a different agreement from the one embodied in the written contracts was introduced, and that the appellees had not disproved any items of the account or pleaded or proved any offsets not allowed in the accounts. According to the testimony of Kleeden, he did make a contract differing, in some of its terms, from the written contracts which he had signed. The defendants also proved, to the satisfaction of the trial court, the offsets which they pleaded. These propositions are overruled.

For the error pointed out, the judgment is reversed and the cause is remanded.