## ENOS v. LEEDIKER.
### No. 12011.

Court of Civil Appeals of Texas. Galveston.
Oct. 28, 1948.

Kennedy & Granberry, of Crockett, for appellant.

Crook & Von Doenhoff, of Crockett, for appellee.

CODY, Justice.

This was a suit by appellee, the owner of a 640 acre tract of timber in Houston County, to recover from appellant the title to and possession of the timber on said tract, which he had conveyed to appellant by general warranty timber deed, in common form, with a provision limiting the time for the removal of the timber to twelve months. Appellee alleged that the time allowed for removal of the timber had expired before appellant began operations to cut and remove, and appellee additionally sued for the value of the timber removed by appellant, and for a temporary injunction against further cutting and removal of timber, and for the injunction to be made permanent upon final hearing.

Appellant's answer, as construed by him, set up that the minds of the parties never

met with respect to the time limit set up in the deed, so that no sale of timber was consummated by the execution and delivery of the deed, and appellant sued for the recovery of the consideration paid by him, — further, and in the alternative, that a mistake was made in the drafting, execution and delivery of the deed as written, and that appellant was entitled to a reformation. We understand that appellee challenges appellant's construction of the pleadings. From the disposition we make of the appeal, the varying versions of the parties is immaterial, and for the purpose of this appeal we adopt appellant's version.

A sufficient further statement is that: The court, trying the case without a jury, rendered judgment in favor of appellee for the title and possession of the standing timber, and for the sum of $13.42, being the value of the timber removed by appellant before his operations were stopped by the temporary injunction which was issued by the court, and said injunction was made permanent. Judgment was rendered against appellant upon his cross-action against appellee. In response to appellant's request, the court filed conclusions of fact and law. It is appellant's contention that under the court's conclusions of fact, judgment should have been rendered against appellee on the main action, and in favor of appellant on the cross-action. No statement of facts has been brought up. The court's conclusions of fact are substantially;

That the timber deed was executed and delivered by appellee to appellant on August 20, 1946, and that the time clause was expressed, as written, "That the said H. L. Enos, his agents, representatives and assigns shall have the right of ingress and egress over and across the above described lands with such means including machinery as shall be necessary and required for the purpose of cutting and removing said timber and lumber from said land and shall have twelve (12) months from the date of this instrument within which to cut and remove said timber and lumber from said premises unless said time is extended by said parties."

That the provisions of the deed for extending time was, as written: "It is mutually agreed and understood that the failure to cut and remove said timber and lumber from said premises within the twelve months time . herein allowed that for the consideration of Two Hundred and no/100 ($200.00) Dollars payable annually in advance to the said H. G. Leediker or his assigns shall have another twelve months time from the payment of said sum on the 20th day of August, A.D., 1947, and if said timber is not cut and removed by August 20th, 1947, then the payment by the said H. L. Enos or his assigns on that said date automatically extends the period within which said timber may be cut and removed for another twelve (12) months and likewise the payment of Two Hundred and no/100 ($200.00) Dollars thereafter will extend said time of cutting and removing another twelve (12) months, if desired."

That the day before the deed was executed, appellant agreed to purchase the timber for $2,200.00, and he and appellee agreed upon an attorney as satisfactory to both parties to draft the deed. That the attorney agreed upon had theretofore drafted between 50 and 100 timber deeds for appellant, without any mistake or misunderstanding being made in drafting them. That one or both of the parties went to the attorney's office and requested him to prepare the deed. The attorney took down in his own writing the data to be used in preparing the deed, and his notes show 12 months as the primary term appellant was to have to cut and remove the timber. The next day he prepared the deed from his notes, and while doing so, both of the parties were present all or part of the time. That the attorney read the deed to the parties when it was executed, including the provision that appellant "shall have twelve (12) months time from the date of this instrument within which to cut and remove said timber and lumber from said premises unless said time is extended by said parties."

That there was never a meeting of the minds of the two parties to the timber deed or contract. That the parties discussed the time provision. That appellant did not read the deed at the time it was executed and delivered to him, or until after the 12 months had elapsed. That appellant under-

stood the trade to be that the primary term was 24 months, but appellee understood that the primary term was 12 months.

That appellant did not make the additional payment provided in the deed to extend the primary term an additional twelve months, and began operations in December, 1947, but was stopped by court order when he had removed timber valued at $13.42. Appellant then offered (after the expiration of the primary term) to make payment to extend the time for cutting and removing, but his offer was rejected by appellee. That the mistake as to the extent of the primary term provided by the deed was not mutual, but only on the part of appellant. But appellant's mistake related to a material feature of the contract of sale.

That it is unconscionable to enforce the contract as written, insofar as it can be unconscionable and inequitable for appellee to receive $2200.00 for the timber, and then have it returned to him at the end of 12 months under the terms of the deed. That the timber was of the value of $2,200.00 at the date of the deed, and of the value of $3,500.00 at the date of the trial.

(We omit the court's conclusions of law.)

Appellant predicates his appeal upon four points which are, substantially:

1. That the court, having found that the minds of the parties did not in fact meet with respect to the duration of the primary term provided in the contract, and having found that appellant was not negligent with respect to the purchase and sale, should have rendered judgment against appellee.

2. That the court erred in rendering judgment on the theory that it was too late to relieve from the terms of the contract as written, after the expiration of the primary term.

3. That, having found the minds of the parties never met, the court should have rendered judgment for appellant for the purchase price he paid, less a credit for the value of the timber cut after the limited time had elapsed.

4. That, having found there was a unilateral mistake which was so grave as to make it unconscionable to enforce the

contract as written, the court erred in not rescinding it.

## Opinion

It is here appellant's position that (a) no valid contract of purchase and sale was entered into between the parties, because the minds of the parties never met with respect to a material feature of the contract, namely, the time for cutting and removal of the timber; so the court should have rendered judgment for appellant for the consideration paid,—less the value of the timber cut and removed; and (b) that if there was a contract, then, under facts found by the court, appellant was entitled to relief therefrom by rescission or otherwise.

We think the court did not err. It is sometimes loosely stated that it is essential to the formation of a contract that there be a meeting of the minds of the parties to it. What is meant and understood by the statement is, that there must be a meeting of the minds of the parties as expressed in the contract. There is manifestly no way of knowing whether there has been a meeting of the minds of the parties except from the expressions used in the contract. Even in a verbal contract, if there is no dispute as to the terms used in a contract and they are unambiguous, it is a question of law for the court to determine whether the minds of the parties met. And in the case of a written contract, the writing is the contract in contemplation of law, and the court must determine from it whether there has been a meeting of the minds, "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it, nor did not know what it contained. * * * A contractor must stand by the words of his contract; and if he will not read what he signs, he alone is responsible for his omission." Upton v. Tribilcock, 91 U.S. 45, 23 L.Ed. 203. In a word, the effect of the parol evidence rule is to work a legal, as distinguished from an equitable estoppel. The rule is one of substantive law rather than one of evidence. See also Arden v. Boone, Tex.Civ.App., 187 S.W. 995; Keystone Pipe & Supply Co. v. Kleeden, Tex.Civ.App., 299 S.W. 671.

It is true that the trial court found that appellant was not negligent in not reading the timber deed, but it is evident to us that was because he found it had been read to the parties by the attorney who prepared it. Again, the court found that it was unconscionable to enforce the contract as written, but added what he meant by the finding, namely, that it was inequitable and unconscionable to enforce the contract as written, insofar as it can be unconscionable and inequitable for appellee to receive $2200.00 for the timber, and then have it returned to him at the end of twelve months under the terms of the deed. The truth is, of course, that appellant did not buy the timber. What he bought was the right to cut and remove the timber in twelve months as the primary term. It is not pretended that the contract was unconscionable per se.

The judgment must be affirmed.