**Charles W. WISEMAN et al.,**
**Appellants,**

v.

**G. G. PRIBOTH, Appellee.**

No. 6745.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1958.

Klett, Evans, Trout & Jones, Lubbock, for appellants.

Potter & Gowdy, Littlefield, for appellee.

PITTS, Chief Justice.

This suit was filed by appellee, G. G. Priboth, against appellants, Buddy Joe Wiseman and his father, Charles W. Wiseman, seeking to recover damages in the sum of $2,655 by reason of alleged breach of warranty contained in each of two certain deeds executed separately by appellants, but covering the same land, to different grantees on different dates. The damages sought were based upon ½ of the value of the minerals in and under Labor No. 2, League 685, Lamb County, Texas. The record reflects and it is admitted by all parties that appellant, Charles W. Wiseman, acquired title to the said land, along with Labor No. 1 in the same League, from J. N. Walker and wife, Ida V. Walker, on September 13, 1949; that Charles W. Wiseman and wife conveyed the said land to appellant, Buddy Joe Wiseman, on March 20, 1951; that Buddy Joe Wiseman and wife conveyed the same land to appellee, G. G. Priboth, on July 2, 1955; and that in each of the three deeds the land being conveyed was described as follows:

"Labors Numbers One (1), and Two (2) of League Number Six Hundred Eighty-Five (685), State Capitol Lands in Lamb County, Texas, save and except One-Half of the minerals in and to Labor Number One (1), League Number 685, which has heretofore been reserved by other grantors."

The record further reflects and it is also admitted by all parties that prior to the execution of any of the three deeds previously mentioned and on May 11, 1945, J. N. Walker and wife, Ida V. Walker, then the owners of the land in question, executed a mineral deed conveying to one Park T. Grimes an undivided ½ interest in all the oil, gas and other mineral rights in and under all of Labor No. 2 in State Capitol

League No. 685 in Lamb County, Texas, and that the said mineral deed was recorded in the Lamb County Clerk's office on June 2, 1945, but no mention was made of this latter mentioned conveyance in either of the three deeds subsequently executed. Consequently, appellee claimed damages for the value of an undivided ½ interest in all the minerals in and under Labor No. 2 in Lamb County which allegedly had been deeded to him by Buddy Joe Wiseman and wife on July 2, 1955, and such had been previously deeded to Buddy Joe Wiseman on March 20, 1951, by his father, Charles W. Wiseman, when neither of them owned such mineral interest because such had been previously deeded to Park T. Grimes by J. N. Walker and wife, Ida V. Walker, on May 11, 1945. With this admitted background in view, appellants in this action pleaded a general denial, the 4-year Statute of Limitation on behalf of Charles W. Wiseman, defenses of waiver, estoppel, and mutual mistake of both parties in the execution of the last deed mentioned by Buddy Joe Wiseman and wife to appellee, G. G. Priboth, on July 2, 1955, for which alleged reasons appellants also sought by a cross action duly filed to have the last deed mentioned of date July 2, 1955, reformed by a proper adjudication so as to have it speak the truth and the real intentions of the parties at the time it was erroneously drawn so as to reserve ½ of the minerals in and under Labor No. 2. In a brief supplemental petition filed by appellee, he denied the defenses pleaded by appellants.

The case was tried to a jury on February 7, 1957, upon two special issues submitted to it inquiring first as to the market value of an undivided ½ interest in the minerals in and under Labor No. 2 on July 2, 1955, which the jury found to be $10 per acre or a total of $1,771. The jury further found in answer to Special Issue No. 2 that there existed a mutual mistake of both appellee, G. G. Priboth, and appellant, Buddy Joe Wiseman, when the last deed of date July 2, 1955, was executed by omitting a provision that would have reserved ½ of the minerals in question in and under Labor

No. 2. Thereafter on February 15, 1957, and before judgment had been entered, appellee filed motion for judgment and asked the trial court to set aside and disregard the jury's second finding to the effect that there existed a mutual mistake of the parties when the last deed was executed, as previously stated, upon the alleged grounds that the said jury finding had no support in the evidence, that there was no evidence to raise such an issue and no evidence to support such a finding made by the jury but that the uncontradicted and undisputed evidence was that there was not a mutual mistake of the parties. Such motion was resisted by appellants. The record reveals that Special Issue No. 2 and the jury's answer thereto were expressed in the following language:

"Do you find from a preponderance of the evidence that omitting a provision in the deed of July 2, 1955, excepting and reserving one-half the minerals under Labor 2, was through a mutual mistake of both G. G. Priboth and Buddy Joe Wiseman?

"You will answer 'Yes' or 'No.'
                              "Answer: Yes."

On March 23, 1957, the trial court duly heard the said motion and considered the same until April 24, 1957, when such motion was sustained with a finding and conclusion made by the trial court to the effect that there had been no evidence to raise the issue of mutual mistake and that the said jury finding has no support in the evidence, as a result of which the said jury finding was set aside and disregarded by the trial court and judgment was rendered for appellee, G. G. Priboth, against both appellants, Charles W. Wiseman and Buddy Joe Wiseman, jointly and severally, for his damages in the sum of $1,771 and the court decreed further that appellants take nothing upon their cross action.

As a result of the judgment, appellants perfected an appeal and have presented five points of error. In their first point appellants charge error was committed by the

trial court in sustaining appellee's motion to set aside and disregard the answer of the jury to Special Issue No. 2 in which the jury found there existed a mutual mistake of the parties as previously herein stated and in rendering judgment as a result thereof for appellee when there was a sufficiency of clear, satisfactory and convincing evidence to support the jury finding.

Appellants pleaded mutual mistake and were permitted to offer evidence in support thereof. They pleaded that appellant, Buddy Joe Wiseman, and appellee, G. G. Priboth, negotiated the sale of the land months before a contract was written and the sale was consummated; that the parties had many conversations about the land, which was farm land, during which time Buddy Joe Wiseman told Priboth several times that he owned only ½ of the minerals which would be conveyed to appellee and that Priboth was well aware that Buddy Joe Wiseman owned no more than ½ of the minerals and could not sell him any more and Priboth seemed more interested then in the farm land and its possibilities for irrigation than he was in minerals; that both parties well understood all phases of the agreement and especially that only ½ of the minerals could and would be conveyed by Buddy Joe Wiseman to G. G. Priboth when they went to a lawyer's office in Muleshoe, Texas, to have the papers drawn to close the trade but unfortunately the lawyer who prepared the papers made a mistake in describing the land in the instruments prepared by failing to make them show an undivided ½ of the minerals reserved in both Labors; that the intention and agreement between the parties was to reserve ½ of the minerals in and under both Labors of the land while the attorney, in drawing the papers, reserved ½ of the minerals in Labor No. 1 only and such was so executed, which constituted a mutual mistake of fact on the part of both parties. In the case at bar the sufficiency of the pleadings has not been challenged but in any event it is our opinion that the pleadings are sufficient upon the issue of mutual

mistake to support a judgment if there be sufficient evidence of probative force to support the jury finding on mutual mistake.

■ Concerning the sufficiency of the evidence to support the jury finding on mutual mistake, the rule governing such is well established when the evidence is conflicting upon the issue as is shown to be true in the case at bar. To test the sufficiency of the evidence to determine if it will support the said jury finding, we must give credence only to the evidence and circumstances favorable to the finding and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold such finding. Truelove v. Truelove, Tex.Civ.App., 266 S.W.2d 491, 494 (writ refused) and Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

■ In the case of Bordovsky v. Dougherty, Tex.Civ.App., 106 S.W.2d 779, 782, the court said in part:

"A mutual mistake, where a controversy goes to the courts, will not be readily established by the admissions of the party to be affected by the reformation of a deed or contract. Like a conspiracy, a mutual mistake is generally established from facts and circumstances surrounding the parties. The courts of Texas have long since recognized the equitable rule that deeds and other contracts in writing may be corrected by a court of equity because of a mutual mistake on the part of the parties thereto. Such cases as Harrell v. De Normandie, 26 Tex. 120, 121; Long Bell Lumber Co. v. Lowry, Tex. Civ.App., 31 S.W.2d 345, and cases cited; Williston on Contracts (1922 Ed.) vol. 3, p. 2750, § 1550; Elder v. First National Bank, 91 Tex. 423, 44 S.W. 62; May v. San Antonio & A. P. Town Site Co., 83 Tex. 502, 18 S.W. 959; Texas Pac. C. & O. Co. v. Crabb, Tex. Com.App., 249 S.W. 835; Gilbert v. Smith, Tex.Com.App., 49 S.W.2d 702, 86 A.L.R. 445, all recognize the equi-

table rule. Many other cases could be cited."

Keeping these rules in mind, it will be observed that both deeds executed by appellants conveying the land were introduced in evidence by appellee and they both reveal that ½ of the minerals in and under Labor No. 1, State Capitol League 685, Lamb County, Texas, were reserved in each deed. It will be further observed that appellee also introduced a mineral deed executed by J. N. Walker and wife, Ida V. Walker, on May 11, 1945, conveying ½ interest of all minerals in Labor No. 2, State Capitol League 685, Lamb County, Texas, to Park T. Grimes and showing also that such deed was recorded in Lamb County, Texas on June 2, 1945, which gave constructive notice to everybody of the transfer therein made. This very mineral deed furnished the basis for this law suit. This very mineral deed also appears in the abstract of title furnished by appellant, Buddy Joe Wiseman, to appellee, G. G. Priboth, when the sale of the land was made on July 2, 1955, although appellee testified that he did not know about such transaction until sometime in 1956 when he was negotiating a sale of all of his mineral interest. Such admitted facts coming from the records constitute a strong circumstance in support of the jury finding on mutual mistake and likewise constitute a strong circumstance, in any event, revealing appellee's lack of interest in the minerals under the land he bought at the time the negotiations were being made and his lack of diligence in any event in not seeking to find out about the ownership of the minerals.

■ In addition to these and other circumstances we shall now examine the testimony of the witness, Buddy Joe Wiseman, upon the issue of mutual mistake. He testified in effect that Priboth came to see him probably a dozen times about buying the land in question and that he and Priboth negotiated the trade for many weeks and discussed it from every angle before it was consummated; that before the sale was

made, "I told Mr. Priboth that I had half of the minerals and that I would not withhold any of the minerals, that he would get everything I had, and that is what I told Mr. Priboth, and it was understood at that, and there never was any question about it." The witness further testified in effect that Priboth never inquired about the minerals but one time and he told Priboth "That I had half of the minerals and that is all I had, and I wouldn't withhold anything, but he would just get what I got."; that there was no mineral activity in that area at that time; that he and appellee both understood that only ½ of the minerals in and under both Labors Nos. 1 and 2 were to be sold with the land; that Priboth tried to get him to reduce the price of the land including only ½ of the minerals, but he did not seem to be much interested in the minerals but more interested in the surface of the land and the possibility of irrigating it; that Priboth finally told the witness "well, I have decided to take you up on the deal," which included ½ of the minerals in and under both Labors Nos. 1 and 2; that they decided to go into a contract subject to title as shown by an abstract to be furnished by the witness; that the deal was so understood between them before they went to a lawyer to have the papers drawn; that no change was made in their plans or their deal thereafter; that they went to a lawyer who was suggested by appellee and had the contract drawn; that the lawyer drew the papers so as to reserve only ½ of the minerals in and under Labor No. 1 but the instruments should have reserved ½ of the minerals in and under Labor No. 2 also; that the witness was only 23 years of age at the time and had never had much business experience in such matters and could not examine the papers as prepared and detect the mistake made in the mineral reservations; that the witness furnished an acceptable abstract of title to appellee, which contained instruments showing ½ of all minerals had been previously sold. The witness clearly, consistently and unequivocally testified to the foregoing facts both on direct and cross-examination. His testimony reveals the

kind of written contract that should have been drawn by agreement of the parties. Appellee objected several times to the foregoing testimony given by the witness and gave no reasons therefor other than the following:

"Mr. Potter: Now, if the Court please, we want to object to that because it is all immaterial and irrelevant, because all prior negotiations leading up to the execution of a deed are merged into the deed, and that is the contract, and any attempt to vary that is in violation of the parol evidence rule.

"The Court: I understand that, Mr. Potter, but on another phase of the case in Mr. Trout's pleadings, I think it is admissable. I will therefore overrule your objection.

"Mr. Potter: Note our exception."

It will be observed that appellee's counsel sought to apply the general rule excluding parol evidence to vary the terms of a written instrument and he sought to do the same thing in his brief filed in this Court. But there are exceptions to the general rule as reflected by the language used in quoting with approval from 17 Tex.Jur. 838, Sec. 380, in the case of Barker v. Fagg, Tex. Civ.App., 107 S.W.2d 490, 494, as follows:

" 'The parol evidence rule does not apply where it is alleged and proved that, by reason of mutual mistake of fact or accident, the agreement fails to embody all of the terms of the contract actually made, or does not express the real intention of the parties; and in such a case extrinsic evidence is admissible to show what the real contract was.' Dunham v. Chatham, 21 Tex. 231, 73 Am.Dec. 228; Texas Pacific Coal & Oil Co. v. Crabb, Tex.Com. App., 249 S.W. 835; Keystone Pipe & Supply Co. v. Kleeden, Tex.Civ.App., 299 S.W. 671."

In the case of Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209, the court said in part:

"No doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, * * *"

This Court long ago held in the case of Massie v. Hutcheson, Tex.Civ.App., 296 S.W. 939, 942 (writ refused) that:

"This rule on the quantum of proof can only require such proof as would carry conviction to an unbiased and unprejudiced mind, and whether or not the evidence was clear, satisfactory and convincing is a question for the jury."

In the case of Pegues v. Dilworth, 134 Tex. 169, 132 S.W.2d 582, 586, the court said in part:

"In so far as it is the prerogative of the Supreme Court to determine, the evidence is 'clear and satisfactory,' in that it 'is not ambiguous, equivocal or contradictory,' and is such as convinced a presumably unbiased and unprejudiced jury."

There is no indication that the jury in the case at bar was in any way biased or prejudiced and no charge of such has been made. The jury heard and considered the controverted evidence and thereafter made a finding favorable to appellants and against appellee, by which finding both parties are bound. The effect of the jury finding in the case at bar is that there existed a mutual mistake common to both parties. Under the record presented and the authorities cited, and many others to the same effect, it is our opinion that the evidence and circumstances presented here were sufficient to warrant the submission of Special Issue No. 2 to the jury inquiring in effect if there existed a mutual mistake common to both parties and it would have been error not to have submitted such an issue. We are also of the opinion that there was heard sufficient, clear and satisfactory evidence of probative force to support the affirmative jury finding on the issue of mutual mistake and that the trial court committed re-

versible error in holding to the contrary, for which reasons appellants' first point of error is sustained.

By reason of our conclusions already made, other points become immaterial. However, in Point 3 appellants charge that the trial court erred in overruling its motion for an instructed verdict on behalf of appellant, Charles W. Wiseman, for the reason that the alleged cause of action against this appellant was barred by the 4-year Statute of Limitation. Such a challenge is well taken for which reason we also sustain this point of error because the evidence introduced by appellee himself reveals that his claim against appellant, Charles W. Wiseman, was barred by the 4-year Statute of Limitation as expressed in Articles 5527 and 5529, Vernon's Ann. Civ.St., which provide that a suit such as this must be commenced within four years after the alleged cause of action shall have accrued.

■ The record reveals that appellee introduced the mineral deed executed on May 11, 1945, by J. N. Walker and wife, Ida V. Walker, conveying to Park T. Grimes all mineral interest in and under Labor No. 2, League 685 in Lamb County, Texas, showing that such deed was recorded by the County Clerk of Lamb County on June 2, 1945, which put appellee and all others on notice of its contents. Tomlinson v. Higginbotham Bros. & Co., Tex.Civ.App., 229 S.W.2d 920, 922 and other authorities there cited. Appellee also introduced deeds showing appellant, Charles W. Wiseman, acquired title to the land in question on September 13, 1949, with his deed recorded in Lamb County, Texas, on October 11, 1949, and that he had parted with title thereto by conveying it to appellant, Buddy Joe Wiseman, on March 20, 1951, with his deed recorded in Lamb County on April 18, 1951, and that appellant, Buddy Joe Wiseman, conveyed the same land to appellee herein on July 2, 1955, more than four years after the delivery and recording of the deed executed by appellant, Charles W. Wiseman,

on March 20, 1951, to his son, Buddy Joe Wiseman, and appellee did not file his suit herein until October 12, 1956, which was more than four years after his alleged cause of action accrued.

■■ But appellee seeks to excuse himself from the Statute of Limitation because he did not learn that he did not own an undivided ½ of the minerals in and under Labor No. 2 until about August 31, 1956, just as the losing parties tried to excuse themselves under similar circumstances in the case of Morrison v. Howard, Tex.Civ. App., 261 S.W.2d 910, but the court there denied such a plea and cited in support of its holding there made an opinion of this Court in the case of Texas Osage Cooperative Royalty Pool v. Colwell, Tex.Civ.App., 205 S.W.2d 93, 96. In the last case cited this Court held in part:

"There is likewise a well recognized rule of law enunciated by the Commission of Appeals in the case of Williams v. Harris County Houston Ship Channel Nav. District, 128 Tex. 411, 99 S. W.2d 276, 110 A.L.R. 59, to the effect that the grantee in a deed is charged with knowledge of the recitals in the instruments which constitute its chain of title."

Appellee, in the instant case, is charged with knowledge of the recitals in the mineral deed executed by J. N. Walker and wife, Ida V. Walker, of date May 11, 1945, conveying the minerals therein to Park T. Grimes and recorded June 2, 1945, which deed constituted a part of his chain of title, as was evidenced by the fact that it appeared in his chain of title later shown in his abstract. In our opinion the trial court committed error in its refusal to sustain a motion for peremptory instruction on behalf of appellant, Charles W. Wiseman.

Appellants raise other questions by assignments of error, which are not considered by us by reason of our disposition made of the assignments presented in Points 1 and 3.

For the reasons stated, the judgment of the trial court is reversed and the kind of judgment the trial court should have rendered, based upon the record and the jury verdict, is hereby rendered by this Court to the effect that appellee take nothing by reason of his suit against either appellant, and that appellants have judgment upon their cross action by reason of the jury verdict, and especially the finding that there existed a mutual mistake of the parties to the last deed executed on July 2, 1955, reforming the said deed so as to reserve adequately and correctly and in accordance with the intentions of the parties thereto an undivided ½ mineral interest in and under Labor No. 2, League No. 685, State Capitol Lands in Lamb County, Texas, even as such rights were reserved in such deeds to all mineral in and under Labor No. 1.

Reversed and rendered.