Billy Frank BRIGGS, Sr., Appellant,

v.

Alice Anell BRIGGS et al., Appellees.

No. 6961.

Court of Civil Appeals of Texas.

Amarillo.

June 27, 1960.

Rehearing Denied Sept. 6, 1960.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, Warlick Thomas, Amarillo, of Counsel, for appellant.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellees.

DENTON, Chief Justice.

This is a summary judgment case. The case was instituted by appellees, three mi-

nor children acting through their natural mother, Mozelle Briggs Eakens as their next friend, against appellant Billy Frank Briggs, their natural father. The parents were divorced on June 26, 1958. The divorce judgment granted Mrs. Eakens the custody of the three minor children, and approved a property settlement entered into by the parties. In connection with the property settlement, appellant agreed to and did execute a trust indenture for the benefit of the above named minors. Appellant as trustee was to pay over to Mozelle Briggs Eakens for the benefit of the minors all the net income from a specifically described 80 acre tract of land located in Oklahoma, which was the undisputed separate property of appellant. This trust indenture was to remain in force and effect until the youngest child reached his 21st birthday.

In the appellees' petition it was alleged that appellant had breached the trust indenture by not paying over to appellees all the net income from the property placed in trust; they asked for a full accounting; that all income be paid to appellees; and that appellant be removed as trustee and that Mozelle Briggs Eakens be substituted therefor. The appellant duly answered, and among other specific defenses plead fraud, accident or mistake in the execution of the trust indenture.

Based on the pleadings, affidavits and depositions, the trial court granted appellees' motion for summary judgment, awarding appellees the money found to have been the net income from the trust property, and substituted Mozelle Briggs Eakens as trustee. Appellant duly perfected this appeal, and brings forward several points of error primarily contending that material questions of fact had been raised by the pleadings, affidavits and depositions.

In support of the summary judgment appellee contends: (1) That there was no material fact issue raised as to the execution of the trust indenture by fraud, accident or mistake; (2) that there was no fact issue raised because the trust indenture was unambiguous both as to the intentions of the parties and of the meeting of the minds of the parties thereto; (3) that appellant's undisputed actions ratified the trust indenture as a matter of law and (4) that there is no material issue of fact as to the consideration of the trust indenture.

In passing upon a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party and the opposite party is entitled to the benefit of every reasonable inference which which can be properly drawn in his favor. Gulbenkian v. Penn, 151 Tex. 412, 252 S. W.2d 929; Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233. This rule of law is well settled in Texas. The application of this well settled rule very often presents the difficulty. It is not the province of the appellate courts to make a determination of the merits of a case in which a summary judgment has been granted. We can only determine if a genuine fact issue exists after examining the record.

In applying the above well established rule, we will first consider the question of the appellant's allegation of fraud, accident or mistake in the execution of the trust indenture. In both the property settlement and trust indenture the language is clear that the parties contemplated that appellant would secure a loan on the trust property. The property settlement provided: "Billy Briggs * * * shall have the right to borrow money on the land only for the purpose of carrying out this agreement and paying off the indebtedness against the property at 1517 Fannin." Another provision in the agreement reads as follows: "Billy Briggs shall likewise execute the trust agreement which shall be filed in Tillman County, Oklahoma, *after* obtaining the loan on the 80 acre farm." (Emphasis ours.) It is undisputed that Mozelle Briggs Eakens took possession of the trust indenture and caused it to be filed in Tillman County, Oklahoma, before the

loan had been completed. It is also undisputed that the filing of the trust indenture prevented appellant from obtaining the loan on the 80 acre tract. Appellant testified in his deposition that he would not have entered into the property settlement and trust agreement unless he had been permitted to obtain the loan on the trust property. It is appellee's contention that even though the filing of the instrument may have been a breach of the agreement, the ratification of the agreement by appellant after he had discovered he could not obtain a loan on the property constituted a waiver of any right of rescission.

The pleadings, affidavits and depositions unquestionably raised the material issue of fraud and mistake in the execution of the property settlement and trust agreement. We can not say as a matter of law the actions of appellant constituted ratification. Ratification of a written contract that is voidable is a mixed question of fact and law. Chapman v. Guaranty State Bank of Cleburne, Tex.Civ.App., 297 S.W. 545, error refused; 13 Tex.Jur.2d, Sec. 265, page 494. We are of the opinion and so hold that the pleadings, affidavits and depositions of appellant raised the material issue of whether or not appellant waived his right to rescind the contract after discovering the loan agreed upon between the parties could not be obtained. It follows that this is a question of fact that must be determined by the trier of the facts.

We will next consider the contention of appellee that no fact issue was raised as to the intention of the parties and the meeting of their minds because of the unambiguous language of the property agreement and trust indenture. The rule that before there can be a valid contract there must be a meeting of the minds of the parties thereto is so well established no authorities need be cited. However, if there is an ambiguity in the meaning of a contract and a dispute arises as to an interpretation on it by the parties, the issue as to its true meaning is one of fact to be answered by a jury. Ellisor v. Kennedy,

Tex.Civ.App., 128 S.W.2d 842; Collins v. English, Tex.Civ.App., 157 S.W.2d 155; Baker v. Powell, Tex.Civ.App., 105 S.W. 2d 289. The summary judgment evidence clearly indicated the appellant understood the trust indenture permitted him to obtain a loan of $7,000 against the trust property, while Mozelle Briggs Eakens was under the impression the loan could be obtained only up to the amount of $4,700. This latter figure was the amount of the indebtedness against the home on 1517 Fannin Street. The trust indenture provided: "Billy Briggs * * * shall have the right to borrow money on the land only for the purpose of carrying out this agreement *and* paying off the indebtedness against the property at 1517 Fannin." (Emphasis ours.) We are of the opinion this clause is subject to more than one interpretation. Whether or not there has been a meeting of the minds of the parties to a contract is a question of fact. Neyland v. Brown, 141 Tex. 253, 170 S.W. 2d 207, 172 S.W.2d 89; Cooper Grocery Co. v. Rowntree, Tex.Civ.App., 260 S.W. 333. By applying for a loan, which the record reveals was done before the execution of the trust indenture, in the amount of $7,000 indicates the interpretation the appellant placed on the two instruments which were later reduced to writing. Upon the discovery that a loan application larger than the balance due on the home had been applied for, the appellee prematurely filed the trust indenture of record. It is uncontradicted this was done in order to prevent appellant from obtaining the larger loan on the property. This act on her part seems to indicate her interpretation of the agreements. We think this raises considerable doubt as to whether there was a meeting of the minds of the parties.

In connection with the question of whether appellant ratified the trust indenture as a matter of law, we think the same conclusion must also be reached that a question of fact has been raised. As stated by the authorities cited above, the

question of ratification is usually a question of mixed law and fact. The two acts of appellant which appellees urge to be acts of ratification are the appellant's letter of December 3, 1958 addressed to Mrs. Eakens. A portion of the letter reads as follows:

"Even though you have not kept our agreement in connection with the above land and have, in fact, prevented me from obtaining the necessary loan to handle these properties which included my payment of the loan on our home at First Federal, I propose to at least try to keep our agreement until your further breach makes it impossible."

As indicated in the letter, appellant enclosed a check in the amount of $447.93 which he calculated to be 22.4% of the net income from the combined income of the 160 acre tract which was not included in the trust agreement, and the 80 acre tract placed in trust. The record reveals that the two tracts of land were rented to one farmer who cultivated the land together. The record further shows that the government cotton allotment of the two tracts were combined at the time of the execution of the trust indenture. By a letter of December 8, 1958 in answer to the one mentioned above, Mrs. Eakens refused to accept the check. A portion of her letter reads as follows:

"You certainly should know that only the 80 acre farm was part of this trust and that I am due the income from it only; also that I am due all of the income from this farm."

We can not say as a matter of law appellant's letter of December 3 constituted a ratification. Appellee further relies on the fact that appellant on February 11, 1959 filed in Randall County, Texas, an application for appointment as guardian of the estates of two of the three minor children involved here. In this application appellant cited as the basis for the petition the fact that the trust indenture had been established for the benefit of the minors. We are of the opinion that this action by appellant was evidentiary of his intention to ratify rather than being an act of ratification as a matter of law.

 In reviewing the pleadings, affidavits and depositions in the light most favorable to the appellant and resolving every intendment reasonably deducible therefrom in his favor, we are of the opinion genuine issues of material facts have been raised. We are therefore of the opinion and so hold that the issues of fraud, accident and mistake and ratification should have been submitted to the court or jury for determination. It follows therefore that the trial court erred in sustaining appellee's motion for summary judgment.

The judgment is reversed and the cause remanded to the trial court for another trial.

Reversed and remanded.