Bob BRYANT, DBA Lubbock Radio, Appellant,

v.

H. A. PENNINGTON, Appellee.

No. 7067.

Court of Civil Appeals of Texas.

Amarillo.

May 8, 1961.

**368**

Ray Ball, Lubbock, for appellant.

Buck W. McNeil, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal by Bob Bryant dba Lubbock Radio from a judgment by the County Court at Law No. 2 of Lubbock County in favor of appellee, H. A. Pennington. The case was tried to the court without a jury. The controversy grew out of a transaction between the parties in which appellee sought to purchase a stereophonic hifidelity record playing machine for his home from appellant.

In the process of purchasing the musical instrument appellee made two deposits totaling $250 toward the proposed purchase. He contends the total cost of the machine with cabinet, placed and connected in his home to play to the best advantage, was not to exceed $525. Appellant contends the total cost was to be approximately $727. Suit was for recovery of the $250 deposits less certain credits. The court rendered judgment for that amount less $19.80 for four stereophonic records admittedly purchased by appellee and less $3.85 for telephone calls appellee admitted he authorized.

At the request of appellant the trial court made its findings of fact and conclusions of law. It found there was never a meeting of the minds of the parties as to the price to be paid or as to the method of payment—whether by cash or on credit.

It is academic contract law that: "To effectuate a binding contract, the minds of the parties thereto must meet with respect to the subject matter of the agreement and all of its essential terms." 13 T.J.2nd Contracts, Section 14, page 127 and cases there cited. "Consequently, * * * there is no contract if any material terms of the agreement are left for future adjustment." 13 T.J. 2nd Contracts, Section 14, page 129. The evidence is sufficient to support the court's findings in that respect.

The trial court also found in its findings of fact that after appellee had refused the equipment and had demanded a refund of his prior deposits, and prior to December 25, 1959, appellant had the opportunity to sell the equipment at a price at least as much as that which he expected to receive from appellee and that he failed or refused to sell the same.

Even if it should be said, arguendo, that the parties in all respects entered into a binding contract between them and that appellee breached the contract, appellant's appeal is still without merit because the court found upon sufficient testimony that appellant had the opportunity, after appellee refused to accept the equipment, to sell it

for a price at least as much as that which he expected to receive from appellee and failed and refused to sell the same.

"It is a fundamental rule that one who is injured in his person or property by the wrongful or negligent act of another, whether as the result of a tort or a breach of contract, is bound to exercise reasonable care and diligence to avoid loss or minimize the consequences of such injury; he must protect himself from the injurious consequences if he can do so by ordinary effort and care and at a moderate expense." Western Union Telegraph Co. v. Sweeney, Tex.Civ.App., 106 S.W.2d 663, 668, syl. 2. Affirmed by the Supreme Court in Western Union Telegraph Co. v. Sweeney, 129 Tex. 595, 106 S.W.2d 670. If he was under obligation to minimize and failed and refused to do so he had no legal right to the $250 deposits made. The judgment of the trial court is affirmed.