Robert M. VOLPE, Appellant,

v.

Charles H. SCHLOBOHM and Joneen Lou Schlobohm, Appellees.

No. 8858.

Court of Civil Appeals of Texas, Texarkana.

March 31, 1981.

Paul T. Fanning, Fanning & Bell, Dallas, for appellant.

James H. Baumgartner, Jr., Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellees.

CORNELIUS, Chief Justice.

Appellees, Charles H. and Joneen Lou Schlobohm, brought this suit against appellant, Robert M. Volpe, seeking rescission of a partnership agreement. The partnership was originally composed of the Schlobohms, Volpe and Edward R. Wright. Wright withdrew from the partnership before the suit was filed and was not a party. The Schlobohms alternatively sought a declaratory judgment establishing the rights of the parties in the partnership. Volpe answered and counterclaimed seeking dissolution, accounting, damages and other relief.

In a trial to the court without the aid of a jury, judgment was rendered for the Schlobohms rescinding the partnership and vesting in them the title to all partnership assets. The judgment decreed that Volpe take nothing on his counterclaim but awarded him the sum of $54,083.60 which was the stipulated value of his 30% interest in the partnership in the event rescission was found to be proper.

The Schlobohms have been engaged in the food distributing business in Dallas since 1966. Prior to February 1, 1978, they operated a proprietorship which consisted of various distributorships with companies in the prepared food business. Volpe became associated with the Schlobohms as a jobber on June 10 of 1972. On January 28, 1978, the Schlobohms, Volpe and Wright met to discuss the formation of a partnership. Mrs. Schlobohm made notes of the discussions which later formed the basis of a written partnership agreement. The agreement was accepted and agreed to by all parties on February 1, 1978, although it was never signed.

At the commencement of the partnership, Charles Schlobohm was a franchisee of Pepperidge Farms, Volpe was a franchisee of

Stella D'Oro, and Wright was a franchisee of Pepperidge Farms. The Schlobohms testified that their Pepperidge Farms franchise was to be excluded from the partnership. Wright also testified that neither of the Pepperidge Farms franchises was to be contributed as a partnership asset. However, the revenues from these franchises were deposited in the partnership account and were divided among the partners according to their percentage interests in the firm. Mr. Volpe testified that he understood that the Pepperidge Farms franchises were to be contributed as partnership assets and that he also understood that he was contributing his Stella D'Oro franchise.

In June of 1978, some four months after the creation of the partnership, Wright withdrew taking his Pepperidge Farms franchise with him. His interest in the partnership was purchased by the Schlobohms with their own funds. Volpe testified that he was not given the opportunity to purchase his pro rata share of wright's interest; the Schlobohms asserted that he was given the opportunity but declined to do so because they would not agree to his use of partnership funds to purchase his proportionate interest. Volpe did, however, insist that he was entitled to his proportionate share of Wright's profits and partnership assets; and ultimately this disagreement and the misunderstanding concerning the contribution of the Pepperidge Farms franchises as partnership assets resulted in a deterioration of the relationships between the Schlobohms and Volpe and gave rise to this suit.

Mr. Volpe contends that rescission was improper because it was not supported by either the pleadings or the evidence.

The Schlobohms pleaded that the partnership should be rescinded because of "... a mutual mistake of material substance ..., namely, that the parties are unable and/or unwilling to work together to fulfill the purposes and intent of the intended partnership...." At the trial, however, the Schlobohms asserted that the mistake related to the question of whether the Pepperidge Farms franchises were partnership assets, and it was that mistake which formed the basis for the court's grant of rescission.

We think fair notice was given by the pleadings as required by our rules of civil procedure. See Tex.R.Civ.P. 45, 47. The misunderstanding about the franchises was pleaded, although it was in that portion of the petition seeking declaratory judgment, and it was answered by Volpe. In addition, the issue was tried by implied consent. Tex.R.Civ.P. 67; *LaMarque Independent School District v. Thompson*, 580 S.W.2d 670 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Ames v. Putz*, 495 S.W.2d 581 (Tex.Civ.App.—Eastland 1973, writ ref'd); 2 McDonald's, Texas Civil Practice § 5.18; 4 McDonald's, Texas Civil Practice § 17.27. Both sides presented testimony without objection regarding their understandings as to the inclusion of the Pepperidge Farms franchises in the partnership.

We also conclude that there was sufficient evidence to justify the granting of rescission, although we disagree with the trial court as to the proper legal basis for its action.

A partnership agreement, like any other agreement or relationship, may be rescinded when proper grounds exist. 1 Pomeroy's, Equity Jurisprudence § 112, p. 146 (5th ed. 1941); 2 H. Black, Rescission and Cancellation § 343, pp. 878–881 (1916); 68 C.J.S. Partnership § 13, p. 422. Rescission may be authorized either because of a mutual mistake of the parties, or because of a unilateral mistake if the elements of remediable mistake are present. *James T. Taylor, Etc. v. Arlington Independent School district*, 160 Tex. 617, 335 S.W.2d 371 (1960).

Although the trial court here based its judgment on remediable mistake, characterizing the misunderstanding about the franchises as a unilateral mistake, the facts found by the trial court actually reveal a mutual mistake of a type which will warrant rescission.

Ordinarily a mutual mistake sufficient to justify rescission exists when both

of the parties are laboring under the same misconception as to a common fact, as when the parties know what they have agreed to, but through their common mistake the expression of their contract fails to correctly state that agreement, or when the parties contract on the assumption of a matter material to the contract but not expressed in it, and their common assumption is incorrect. See: *Sun Oil Company v. Bennett,* 125 Tex. 540, 84 S.W.2d 447 (1935); *Newsom v. Starkey,* 541 S.W.2d 468 (Tex.Civ. App.—Dallas 1976, writ ref'd n. r. e.); 3 A. Corbin, Contracts § 600, p. 603, et seq; § 604, p. 624 (1960). But the mutual mistakes need not be identical. If they relate to the same matter, equitable relief is available even though the mistakes of the parties as to that fact are not the same. Restatement of Contracts § 503 (1932); 3 A. Corbin, Contracts § 608, pp. 671–675 (1960). Rescission may be granted when there is a mistake of this kind which results in the parties' never having reached a meeting of the minds and thus prevents, ab initio, the formulation of a valid contract. Examples of this type of mistake are found in cases in which the parties, when attempting to formulate their agreement, were laboring under different conceptions as to the subject matter of the agreement, or as to the identity, character or quantity of a matter or thing with reference to which they were attempting to contract. *Bryant v. Pennington,* 346 S.W.2d 367 (Tex.Civ.App.—Amarillo 1961, no writ); *Briggs v. Briggs,* 337 S.W.2d 753 (Tex.Civ.App.—Amarillo 1960), *rev'd on other grounds,* 162 Tex. 177, 346 S.W.2d 106 (1961); *Smulcer v. Rogers,* 256 S.W.2d 120 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n. r. e.); *Home Insurance Company v. Lewis,* 55 S.W.2d 207 (Tex.Civ. App.—Waco 1932, no writ); *Dewitt v. Bowers,* 138 S.W. 1147 (Tex.Civ.App.—San Antonio 1911, no writ); *Hubbard City Cotton Oil & Gin Co. v. Nichols,* 89 S.W. 795 (Tex. Civ.App. 1905, no writ); Restatement (Second) of Contracts § 21A (Tent. Drafts Nos. 1–7, 1973); 3 Pomeroy's, Equity Jurisprudence § 856a and § 870 (5th ed. 1941); 3 A. Corbin, Contracts § 599, p. 595 (1960); 13 Tex.Jur.2d Contracts § 14, pp. 127–128; 13

Am.Jur.2d Cancellation of Instruments § 33, p. 524, and cases there cited. As in the case of *Hubbard City Cotton Oil & Gin Co. v. Nichols,* supra, when one party understands that he is contracting on one set of terms and the other understands that he is contracting on another set of terms, there is no contract unless the circumstances are such as preclude one of the parties from denying that he agreed to the terms set by the other. Of course, this type of mistake will justify relief only if the expression or writing evidencing the purported agreement is uncertain and ambiguous, for if there is no ambiguity with respect to the written or oral expression of the terms neither party will be heard to say that, by his subjective intent, he meant something different from what was actually expressed. *Enos v. Leediker,* 214 S.W.2d 694 (Tex.Civ. App.—Galveston 1948, no writ); *Home Insurance Company v. Lewis,* supra; 17 Am. Jur.2d Contracts § 19, pp. 355–356; 3 A. Corbin, Contracts § 599, p. 597 (1960).

The written partnership agreement involved in this case makes no specific provision concerning whether or not the parties' franchises would be contributed to the firm as partnership assets, and the agreement as a whole is unclear as to whether the franchises were or were not to be included. On the basis of the testimony the trial judge concluded that the franchises were not to be contributed as partnership assets, but he also found that the parties were laboring under opposite understandings with reference to that issue—the Schlobohms thinking that they were not to become partnership assets and Volpe thinking that they were—and that there was no meeting of the minds of the parties on that material issue. Rescission is a proper remedy in such a situation, provided it is possible to restore the contracting parties to their original positions, and provided the rights of innocent third parties have not otherwise intervened. *Dewitt v. Bowers,* supra; 3 Pomeroy's, Equity Jurisprudence § 870, p. 383 (5th ed. 1941), and cases cited; 13 Am. Jur.2d Cancellation of Instruments § 33, p. 524, and cases cited.

The trial court rendered judgment in accordance with the parties' stipulation of what their recovery would be in the event rescission was proper. As we have concluded that rescission was proper, Mr. Volpe's other points of error become moot and it is not necessary to discuss them.

The judgment is affirmed.