**MISSION BUILDING & LOAN ASS'N v. STOLTZ et ux. (No. 7506.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 24, 1926. Rehearing Denied March 24, 1926.)

**1. Trial ⟺139(1), 140(1).**

The jury are the exclusive judges of the credibility of witnesses and the weight to be given their testimony.

**2. Acknowledgment ⟺60—Finding that contract executed by husband and wife to pay and execute lien for materials furnished in erecting house on homestead lot was not acknowledged before notary public held not against the preponderance of the evidence (Rev. St. 1911, art. 6011).**

Verdict of jury that contract and lien executed by husband and wife to plaintiff for materials furnished for erection of building on a lot constituting their homestead had not been acknowledged before a notary public *held* not against the preponderance of evidence, especially in view of plaintiff's failure to produce register of acknowledgments, in which notary public is required by Rev. St. 1911, art. 6011, to enter date of all instruments acknowledged before him.

Error from District Court, Hidalgo County; L. J. Polk, Judge.

Action by the Mission Building & Loan Association against Otto W. Stoltz and wife. Judgment against Otto W. Stoltz personally, but in favor of his wife, and plaintiff brings error. Affirmed.

Dawson, Henry & Walker, of Mission, for plaintiff in error.

D. W. Glasscock and J. E. Leslie, both of McAllen, and D. F. Strickland, of Mission, for defendants in error.

FLY, C. J. Plaintiff in error, who for brevity will be styled plaintiff, sued Otto W. Stoltz and wife, Cora Belle Stoltz, styled defendants herein, to recover the sum of $2,800 expended by plaintiff on a building to be used as a home by defendants, which sum, together with interest, they promised in writing to pay, and executed a lien on said house and the lot on which it was erected to secure the payment for material and labor used thereon. The defense offered was that Otto W. Stoltz and Cora Belle Stoltz were man and wife, that the lot on which the building was erected was their homestead, and that the contract between the plaintiff and defendants had not been acknowledged by Cora Belle Stoltz so as to bind her and fix a lien on the property, or if acknowledged, it was before an officer not qualified to take the acknowledgment. On the answers to special issues judgment was rendered against Otto W. Stoltz personally for the debt, but in favor of Cora Belle Stoltz and, against the foreclosure of the lien for material and labor.

This is purely a fact case. It is undisputed that the money, material, and labor were furnished by plaintiff to defendants to build a residence on a certain lot in the town of Mission. The house was built on the lot, which was a homestead, and defendants moved into and have lived in it since its erection five years ago. They have not paid off the principal and interest of the money furnished them by plaintiff to build their home, and absolutely refuse to pay anything on the sum owed by them. Both defendants admitted the execution of the contract for the money and the lien, and both denied acknowledging it before an officer. There was on the contract and lien a certificate in statutory form that the defendants had duly acknowledged the instrument before Logan Duncan, a notary public, attested by his seal as such notary public. The acknowledgment purported to have been taken on October 20, 1920, and was filed for record on May 28, 1924. This suit was instituted on December 6, 1924. H. C. Bishop, an attorney of Mission, Tex., swore that he drew the contract between plaintiff and defendants, and that he read the contract to them in his office, in the presence of Conan T. Wood, on October 20, 1920. Wood swore that he saw the defendants sign the contract in Logan Duncan's office, where he had gone with them from Bishop's office. He said that he heard Otto Stoltz acknowledge the contract after he had signed it, and he and Stoltz left the office while Duncan took the privy acknowledgment of Mrs. Stoltz. Wood said that it was through his neglect that the contract was not filed for record until 1924. The contract he said was signed and acknowledged by defendants on October 20, 1920, in the office of Logan Duncan. Wood also swore that Duncan did not sign up for the shares in the association until 1921, some time after he took the acknowledgment.

Duncan Logan swore that he took the acknowledgments of both defendants in his

office. He corroborated Wood as to his coming to the office in company with the defendants, and stated that after Stoltz had acknowledged the contract, he Duncan, requested Stoltz and Wood to retire, and he then took the acknowledgment of Mrs. Stoltz, after telling what the instrument was and after she said she understood it. Duncan said he had a notary record book somewhere, but could not say that he made a record of the acknowledgments. He did not produce the record book. Duncan swore that after he had taken the acknowledgments he gave the instrument to Wood.

F. L. Flynn swore that he and Duncan went to see Stoltz about paying for the house. Wood had reported that no payments had been made on the contract. He stated that Stoltz had transferred two notes for $1,500 to plaintiff, but that they were worthless, and nothing was collected on them. Stoltz told him "that he had secured legal advice and found that he could beat us, and that he wasn't going to pay anything." Stoltz denied this.

The defendants swore that Miss Wood, who it seems was a sister of Conan Wood, was present when they signed the contract in Wood's office, but she was not placed on the stand to testify. The stenographer of H. C. Bishop was shown by Bishop and Wood to have been present in Bishop's office at the time they stated that the defendants, in company with Wood, left for the office of Logan Duncan, but she was not called upon to testify nor her absence accounted for.

The jury, in answer to special issues, to which no objection was presented by plaintiff, found that $1,005 were due on the contract; that Logan Duncan was a subscriber for shares in the association when it was organized prior to October 20, 1920; that neither Otto W. Stolz nor his wife appeared before Logan Duncan, a notary public, and acknowledged the contract on which the suit was based. The jury was also asked if the privy acknowledgment, as required by statute, was taken of Mrs. Stoltz, which it would appear was unnecessary to be answered if no acknowledgment of any kind was taken. However, the jury answered that such privy acknowledgment was not taken. No objection to either of the issues was presented to the trial judge, and none has been presented to this court. If Otto Stoltz and Cora Belle Stoltz swore to the truth, there is ample evidence to sustain the answers of the jury to the issues submitted. The jury evidently adopted their testimony as the truth, and founded their verdict thereon.

Two witnesses, Wood and Duncan, swore that Stoltz signed and acknowledged the contract in the office of Logan Duncan, and he alone swore that Mrs. Stoltz acknowledged the contract. Otto Stoltz and Cora Belle Stoltz swore that they did not sign the contract in Duncan's office and did not acknowledge it anywhere.

[1, 2] This is peculiarly a case for a jury, for they are made the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. They live in the vicinage, have the means of seeing and knowing the witnesses, and have the exclusive power and authority to pass upon their credibility. All the witnesses were interested, the defendants in defending and holding their homestead, and the three witnesses as to the preparation, signing, and acknowledging of the contract were interested as members of the Building & Loan Association. The latter had in their favor the presumption in favor of the truth of the certificate of acknowledgment. They were burdened, however, by their failure to introduce the evidence of the stenographer in Bishop's office and the sister of Wood, who was present, according to the testimony of the defendants who swore that they signed the contract in Wood's office. Defendants could not be charged with the failure to produce the stenographer of Bishop or the sister of Wood, for it was natural to assume that they would be antagonistic to defendant and favorable to plaintiff. But they were not produced by plaintiff, and this fact may have been considered by the jury. Again, the register of acknowledgments which is required to be kept by each notary public, and in which he is required to enter the date of all instruments acknowledged before him, and other matters, was not produced. Article 6011, Rev. Stats. Those entries would have been evidence of momentous weight in this case. Mayfield v. Robinson, 55 S. W. 399, 22 Tex. Civ. App. 385. The book was not produced, nor was it shown that it had been lost, misplaced, or destroyed. The jury may have considered this fact in arriving at a conclusion as to the credibility of Logan Duncan, the notary public. We cannot hold that the verdict has no testimony to support it, nor that it is manifestly against the preponderance of the evidence. This court is not in a position to hold that the verdict of the jury is so against the weight and preponderance of the evidence as to be clearly unjust and untenable, and to justify it in setting aside the verdict. No case has been cited in which the court felt called upon to pass upon the credibility and respectability of the witnesses in deciding upon questions of fact.

The judgment is affirmed.