## ROBERTSON et al. v. VERNON et ux.
### (No. 602.)

Court of Civil Appeals of Texas. Waco. Dec. 22, 1927.

Rehearing Denied Jan. 26, 1928.

1. **Mechanics' liens** ⬌73(6)—**Mortgages** ⬌75—**Whether plaintiffs acknowledged mechanic's lien and deed of trust before notary held for jury, notwithstanding notary's certificate of acknowledgment in proper form (Rev. St. 1925, art. 5955).**

In suit to cancel a mechanic's lien and deed of trust on homestead, where plaintiffs alleged that they did not acknowledge either the mechanic's lien or plaintiff wife the deed of trust, whether their acknowledgments were taken by a notary was, under evidence, a question for jury, notwithstanding notary's certificate was in proper form, but no record was kept by him of acknowledgment of the mechanic's lien, although he testified he kept record, as required by Rev. St. 1925, art. 5955.

2. **Homestead** ⬌122—**Homestead claimants were not estopped from denying execution of mechanic's lien and deed of trust, where defendant had knowledge that neither was acknowledged.**

Claimants of homestead were not estopped from denying execution of mechanic's lien and deed of trust because they accepted work done by defendant and went into possession and made regular monthly payments for two years, where defendant knew that mechanic's lien and deed of trust were not acknowledged by claimants.

3. **Estoppel** ⬌54—**There can be no estoppel where truth is known.**

There can be no estoppel where the truth is known to all the parties.

4. **Estoppel** ⬌58—**For estoppel to be available, party, without knowledge of facts, must have been misled and changed his position to his prejudice.**

In order for estoppel to be available, party must have, without knowledge of facts, changed his position to his injury by relying on truthfulness of what he believed to be real facts, and must have been misled by action of opposite party either by words spoken or by his having refused to speak when he should have done so.

5. **Appeal and error** ⬌1062(5)—**Error, if any, in submitting to jury question as to value of improvements placed on homestead by defendant, was harmless.**

In suit to cancel mechanic's lien, deed of trust, and trustee's deed on plaintiff's homestead, since jury found that plaintiffs had not acknowledged a mechanic's lien, and that plaintiff wife had not acknowledged a deed of trust, and hence no lien could have been fixed on homestead, error, if any, in submitting to jury imma-

terial issue as to value of improvements placed on premises by defendant, was harmless.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by Billie Vernon and wife against E. W. Robertson and others. From a judgment for plaintiffs canceling mechanic's lien and deed of trust, defendants appeal. Affirmed.

J. M. Moore and J. K. Russell, both of Cleburne, and Jos. W. Hale, of Waco, for appellants.

B. Jay Jackson, T. E. Darcy, and P. J. Jackson, all of Cleburne, for appellees.

BARCUS, J. Appellees instituted this suit to cancel a mechanic's lien, a deed of trust, and a trustee's deed on their homestead. It appears that appellees, who are man and wife, owned a home in Cleburne, and were occupying the same as such. They entered into a contract with appellant E. W. Robertson, under the terms of which he was to wreck the building, and, in lieu thereof, build a much nicer and more commodious house. Appellees signed a mechanic's lien and, after the building was completed, signed two notes, one for $1,080 and the other for $2,607.38, and signed a deed of trust on their home to secure the payment of said notes. Appellees paid $1,226 on said indebtedness, and, having refused to make further payments, the trustee named in the deed of trust sold said property, after the institution of this suit, and with full knowledge thereof on her part, to the appellant Eva Robertson, a sister of appellant E. W. Robertson. Appellees alleged that they did not acknowledge either the mechanic's lien or the deed of trust; that they did not appear before any notary for said purpose; and that the purported notary certificate on each of said instruments was false and untrue; and that appellants knew said facts. They further alleged that, before they signed the mechanic's lien, appellant E. W. Robertson had represented to them that the improvements would not cost more than $1,080, and they further specifically alleged that the improvements placed on the premises were not worth exceeding $1,900. Appellants filed a general demurrer, general denial, and by cross-action asked that the title to the property be quieted in Eva Robertson by reason of her being the purchaser at the sale by the trustee, and, in the alternative, if it should be held that said sale was for any reason invalid, that they have judgment against appellees for the unpaid portion of the notes, together with a foreclosure of the deed of trust and mechanic's lien.

The jury found that neither Billie Vernon nor his wife, Ruby Louise Vernon, appeared before the notary public and acknowledged the mechanic's lien. They found that Billie Vernon did go before a notary public and ac-

knowledge the deed of trust, but found that his wife did not. The jury further found that the actual value of the improvements placed on the property was $1,575.00. There was no objection made by any of the parties to the issues as submitted. Appellants did not request any additional issues submitted.

Based on the findings of the jury and additional findings by the court, judgment was entered by the court canceling the mechanic's lien and deed of trust as well as the deed executed by the trustee, and judgment was rendered in favor of appellants against appellees for the unpaid portion of the amount of the two notes which they had executed. Appellees make no complaint of the money judgment rendered against them.

[1] Appellants, by various assignments of error and propositions thereunder, contend that the findings of the jury are not only against the preponderance of the evidence, but are entirely unsupported by the testimony; and further contend that in no event is a trial court or jury authorized to find, on the uncorroborated evidence of the grantors, that a mechanic's lien or deed of trust was not acknowledged, when the notary's certificate thereto is in proper form. We overrule these assignments. Appellant E. W. Robertson testified that the mechanic's lien was signed in his office by appellees late in the afternoon, between 5 and 7 o'clock and that he personally called the notary public to the office, and that appellees each signed and acknowledged same before the notary in his (appellant's) office. The notary whose name is signed to the certificate testified to the same effect. Each of the appellees testified positively that, when they signed the mechanic's lien, it was late in the evening, and that the notary was not in the office at the time, and that no one was in the office except appellant E. W. Robertson; that they did not know the notary whose name is signed to the certificate, and had never prior to the trial of this suit seen him; and that they did not acknowledge the mechanic's lien before any person.

The notary public testified that he kept a notary book in which he recorded the acknowledgments he took to deeds, but that he did not record acknowledgments to mechanic's liens. His notary book was produced, and revealed the fact that he did record at least in some instances the acknowledgments he took to mechanic's liens, but said book did not show that he took the particular acknowledgment in question.

There was no contention that the acknowledgment was taken at any other time or place except there in the presence and hearing and under the supervision of the appellant Robertson. If, as the jury found, the notary was not there and appellees did not acknowledge same, appellant could not have been misled,

and could not have been defrauded thereby. The tendency of our courts has always been to uphold, when possible, certificates as made by notaries to conveyances. The weight of authority, however, seems to be that, where it is shown that the parties did not appear before a notary for the purpose of acknowledging the execution of the instrument, and no acknowledgment in fact was made, the notary's certificate to the instrument is not binding upon the grantors named therein, and their property rights cannot be destroyed or impaired by said certificate of acknowledgment. Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311; Cockerell v. Callaham (Tex. Civ. App.) 257 S. W. 316; Mission Bldg. & Loan Ass'n v. Stoltz (Tex. Civ. App.) 282 S. W. 317; Putman v. Coleman (Tex. Civ. App.) 277 S. W. 213; Cosgrove v. Nelson (Tex. Civ. App.) 269 S. W. 891, Id. (Tex. Com. App.) 277 S. W. 1118. In Putman v. Coleman and Mission Bldg. & Loan Ass'n v. Stoltz, supra, almost the identical situation was involved as in this case. There, as here, the grantors who had admittedly signed the instruments testified that they did not go before the officer and acknowledge the same, and that they had never acknowledged same, and the court held that it became a question of fact for a jury's determination, and that the testimony of the grantors was sufficient to support the jury's finding in their favor.

In this case, as in Mission Bldg. & Loan Ass'n v. Stoltz, supra, in addition to the testimony of each of the grantors that they did not know the notary whose name is attached to the notarial certificate, and that they never appeared before him and never acknowledged same, and that he was not in the office, and that no one else was in the office, of appellant Mr. Robertson at the time they signed the mechanic's lien, the notary himself testified that, while he kept a record, as required by article 5955 of the Revised Statutes, of a part of his notarial acts, he did not make any record of the acknowledgment of appellees to the mechanic's lien. The witnesses testified in the presence of the jury, and it is their prerogative to pass upon controverted issues of fact.

The necessity for a deed being properly acknowledged by a married woman in order for same to pass title is fully and ably discussed and the authorities elaborately collated, in the case of Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311, in which case a writ of error was refused. It would be a dangerous holding on the part of the courts to arbitrarily say that a notary's certificate is under all conditions and circumstances indisputable, although it might as a matter of fact be shown that the parties never appeared before the notary for the purpose of having their acknowledgments taken and never acknowledged the instrument. In this case there is no question of innocent purchaser involved. If the acknowledgments were taken at all, under appellants' theory of the case, they were taken in the presence of, and under the supervision and direction of, appellant E. W. Robertson, to whom the notes were payable, and who was the contractor who made the improvements on the premises.

[2-4] Appellants contend that appellees are estopped from denying the execution of the mechanic's lien and deed of trust by reason of the fact that they accepted the work and went into possession thereof, and for nearly two years made the regular monthly payments. This contention is, we think, not tenable. There can be no estoppel where the truth is known to all of the parties. 21 C. J. 1131; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204. In order for an estoppel to be available, a party must have, without any knowledge of the facts, changed his position to his injury by relying upon the truthfulness of what he believed to be the real facts, and he must have been misled by the action of the opposite party either by words spoken or by his having refused to speak when he should have done so. Burnett v. Atterberry, 105 Tex. 119, 145 S. W. 582.

[5] Appellant complains of the action of the trial court in submitting to the jury a question as to the value of the improvements placed on the premises by him. We overrule this assignment. The issue with reference to the value of the improvements was made by the pleadings and evidence of all parties. No objection was made by any of the parties to the issue being submitted to the jury. In view of the findings by the jury, which are supported by the evidence that appellees did not acknowledge the mechanic's lien, and that appellee Ruby Louise Vernon did not acknowledge the deed of trust, no lien could have been fixed by the court upon the homestead of appellees, and the finding of the jury with reference to the value thereof became an immaterial issue. If it could be said that same should not have been submitted, it would be a harmless error.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.