## JANELLI v. JANELLI.

### No. 14017.

Court of Civil Appeals of Texas. Dallas.

Feb. 3, 1950.

Rehearing Denied March 3, 1950.

George Sergeant and Sarah Daniels, Dallas, for appellant.

White & Yarborough, Dallas, for appellee.

CRAMER, Justice.

This cause is again before us under an opinion of the Supreme Court on an application for mandamus filed by appellant to require us to certify certain questions set forth in such Supreme Court opinion, Janelli v. Bond, 225 S.W.2d 824. Though the application was denied, the Court states that we have not passed on the merits of the appeal from order granting the injunction, and that it was justified in assuming that we will pass formally on them as a result of its opinion.

In obedience to such suggestion, the former order, in so far as it dismissed the appeal from the granting of the temporary injunction, will be set aside. A majority of the court is of the opinion that there was a fact issue before the court as to a marriage, which the trial court, in granting the injunction, found against the appellant. See our former opinion, Tex.Civ.App., 220 S.W.2d 255. And that the court did not abuse his discretion in finding such fact for the purpose of granting injunction in favor of appellee. Neither do we find any abuse of discretion by the trial court in the issuance of the temporary injunction. The pleading and the proof by appellee are to the effect that she might be endangered in her property rights during the pendency of the suit if the injunction is not issued. Our Supreme Court in Wright v. Wright, 3 Tex. 168, at page 175, refers to what is now Art. 4635, Vernon's Civ.St., and holds: "These and other provisions of the statute show clearly that, in the contemplation of the legislature, the rights of the wife might be endangered during the progress of the suit; and full powers are vested in the court to make all other orders and issue such writs as may be necessary for their conversation. The terms are emphatic, that

the wife may require an injunction restraining the husband from the disposition of any part of the property in any manner, and it would seem to be imperative on the courts to issue such writ whenever it may be demanded by the wife. From the language employed, if construed literally, it would appear that but little discretion can be exercised in determining upon the application, and that the writ, when desired, would be one of right, and would issue almost as a matter of course."

The order of the trial court granting the injunction is therefore affirmed.

YOUNG, J., concurs.

BOND, C. J., dissents.

BOND, Chief Justice (dissenting).

I am not in accord with the majority; adhering to the original opinion by the majority of this Court, over the dissent of Associate Justice Young, Tex.Civ.App., 216 S.W.2d 587; which opinion became the dissent on retirement of Associate Justice Looney from this court and the ascent of Mr. Justice Cramer, he concurring with Mr. Justice Young, Tex.Civ.App., 220 S.W.2d 255.

The history of this case, pertinent to this appeal, is fully set out and much extended in the opinions of the various members of this Court, supra, in determining as to whether an appeal lies from the granting of the mandatory temporary injunction by the trial court; and that, too, solely and only based on the allegations in plaintiff's petition, over the categorical denial of the defendant. The injunction and other interlocutory orders were granted as a matter of law, perforce of the divorce statute, Art. 4635, Title 75, Vernon's Ann.Civ.St., which provides: "At any time during a suit for divorce the *wife* may, for the preservation of her rights, require an inventory and an appraisement to be made of both real and personal estate which are in the possession of the *husband,* and an injunction restraining him from disposing of any part thereof in any manner." (Italics supplied.) It will be observed that the statute authorizes an injunction to a "wife," auxiliary to an order requiring the husband to file inventory and appraisement; and that the injunction is granted only to prevent the "husband" from disposing of any part of the property included in such inventory and appraisement. The status as a wife, and the filing of an inventory and appraisement, are prerequisites to the granting of the injunction under the statute. Therefore if the status of the parties is not that of husband and wife, the interlocutory orders are not within the purview of the statute.

As to the plaintiff's plea, upon which she claims to be the "wife" of the defendant and because of which alone she seeks the "inventory and appraisement" and the "injunction," our Supreme Court in passing on the evidence in reference thereto, opinion by Mr. Justice Garwood, Janelli v. Bond, Tex. Sup., 1950, 225 S.W.2d 824, tersely said: "There was apparently an abundance of persuasive evidence against existence of the alleged marriage and little evidence to the contrary except Mrs. Janelli's assertion that the ceremony had occurred at a certain time and place"; and, too, the majority in the first opinion of this Court, 216 S.W.2d at page 592, said: "The whole face of the record is open to the suspicion that the plaintiff instituted her suit, not so much for the purpose of obtaining a divorce, but as a device for obtaining interest in and title to defendant's property, thus inflicting on him expenses of litigation against the furtherance of such sinister aim"; and, also, as said in Mr. Justice Looney's concurring opinion, 216 S.W.2d at page 595: "I am of the opinion that, even if it be true, in view of the bizarre case made out by appellee (the wife) it is more reasonable to conclude that these secret, clandestine and infrequent meetings and intimacies were due to the irregular and improper living of the parties, rather than that they were the indulgences and intimacies of husband and wife"; and in Mr. Justice Young's dissent, 216 S.W.2d at page 597, where he said: "I am not unmindful of the fact that through a three hundred eighty-three page statement of facts, defendant here offers the strongest possible testimony in support of his plea. * * * Through this voluminous record, as already observed, appellant has indeed made out an

impressive case. He argues that there is no right without a remedy, and unless resort may be had to Art. 4662 (providing for an appeal from a temporary injunction) and the controlling issue of marriage accorded a trial in limine, 'no single man is safe from suit by a designing woman.' This writer (who is no benedict) has an interest like unto that of defendant in having duly safeguarded a status common to us both. However, if placed in a similarly unfortunate position, I would not feel without adequate remedy"; and, then, turning to the opinion of·the present majority of this Court, 220 S.W.2d at page 257, Mr. Justice Cramer, the author, said: "It is true in this case that appellee's testimony was controverted—*seriously*—and the questions of fact were close; * * *;" (Italics supplied) indeed, the record as here presented upon which the expression of all justices supra handling this appeal leave but little doubt as to abuse of discretion which the trial court under principles of equity did not exercise in the issuance of the harsh mandatory orders. Furthermore, it will be seen in plaintiff's petition (paragraphs second and seventh) that she seeks the injunctive relief supported only by her attached affidavit "that she has read paragraph 'Seventh' and that all facts therein are true and correct." She makes no affidavit as to her alleged marriage status.

The article of the statute supra under which the injunction orders were granted is only applicable to a "wife" against her 'husband"; and, in consequence, if there is no "wife," then, certainly, there can be no right for injunction tying up and impounding one's property. Equity will not be extended to sham or uncertain marriages or to deceitful and designing persons with sinister aims under the guise of being a wife as this record forcibly discloses.

The injunctive relief is governed by the settled principles of equity under Article 4663, R.S., determined by our Supreme Court in this case supra. Accordingly, the injunction should not have been granted, however merciful in ordinary cases, but which in the instant case is unjust, illegal and oppressive; King's Estate v. School Trustees of·Willacy County, Tex.Civ.App.

33 S.W.2d 783; writ.refused; nor should the injunction have been granted merely on plaintiff's allegations of fear of apprehension that defendant will or will not do something in the future to injure her, without allegation and proof of some reasonable ground therefor. Wright v. Wright, 3 Tex. 168; City of Dallas v. Cain, Tex.Civ.App., 52 S.W.2d 269; Spears v. City of Houston, 136 Tex. 218, 150 S.W.2d 74; Lone Star Gas Co. v. Childress, Tex.Civ.App., 187 S.W.2d 936.

It will be seen from plaintiff's petition that she does not aver any specific act of omission or commission on the part of defendant as the basis for the injunction; nor does it specify what community property she may be interested in and which she fears the defendant will dispose of as to justify restraint of him in his lawful handling and disposition of his own property. The facts alleged are merely couched in general terms: "* * * that they have accumulated community property (without naming any), which is now in possession of the defendant * * * and unless * * * restrained and enjoined from selling or disposing of their estate during the pendency of this suit, or encumbering said real estate during the pendency of the suit," she will be deprived of her interest in the community; and to allay her fear of apprehension that the defendant will dispose of or encumber their estate, prays for an "inventory and appraisement" to be filed, and a copy thereof furnished to her attorneys of all properties in his possession, and for injunctive relief—purely a fishing exploitation. The rule is well settled that a temporary injunction should not issue unless complainant makes out a prima facie case, and in no case should such harsh writ be issued as a matter of law, without proof to justify its issuance. The burden of proof is on the applicant to establish facts entitling him to the injunction. Neiman-Marcus Co. v. City of Houston, Tex.Civ. App., 109 S.W.2d 543, error refused; Wilmans v. Great Southern Life Ins. Co., Tex. Civ.App., 141 S.W.2d 407; Horwitz v. Finkelstein, Tex.Civ.App., 189 S.W.2d 895, error refused. So, in this appeal, through the record of 383 pages, there is not a scintilla of evidence that could be said re-

motely justified the action of the trial court in granting the injunction, or to require the defendant to file inventory and appraisement of his estate. Thus it cannot be said that in doing so the trial court exercised any discretion whatsover, and he did not do so. The trial court granted the interlocutory orders solely and only perforce of plaintiff's petition in which she alleged that she was the defendant's wife and that she feared he would dispose of or encumber his property.

The right to use and enjoy property should not be lightly suspended, and an injunction which has that effect should be granted with the greatest caution; and while the granting or denial of temporary injunctions in ordinary cases is largely discretionary with the court, and its action in doing so should not be disturbed on appeal, unless it clearly appears from the record that there has been an abuse of such discretion. So, in the case here plaintiff's evidence is so abortive that she is the defendant's wife, if it could be said that the court acted in the exercise of equitable jurisdiction, in the language of our Mr. Justice Young, supra, " 'no single man is safe from suit by a designing woman' * * * if placed in a similarly unfortunate position." If, therefore, in view of the bizarre case as disclosed in this record, an appeal lies to this Court on the injunction or restraining order, the subject of the appeal being auxiliary and related to the orders not appealable, all such issues thus presented are before this Court for determination.

The right of appeal is not inherent, but in Texas the right has been liberally conferred; all courts should be open and every man for any injury done him in his lands, goods, person or reputation should have remedy by due process of law. The general rule that denies a right of appeal from interlocutory judgment and orders is subject to certain exceptions resulting from statutes extending the right of appeal so as to include other orders, not by statute appealable in themselves. The authorities are to the effect that, on appeal from an interlocutory order, it is within the province of the appeal to consider any matters related to the propriety of the order appealed from; and this rule has been applied to orders granting or refusing to dissolve temporary injunctions. In the instant case the trial court ruled that there existed a statutory marriage, which was the primary motive for the interlocutory orders; to all of which the defendant excepted. Thus on appeal from the appealable temporary injunction, it is within the province of the appellate court to review the related matters,—whether there was, in fact, a marriage which carried the right for an inventory and appraisement of the defendant's properties. Accordingly, I am of the opinion that the judgment of the trial court should be reversed and this cause remanded to the trial court with instruction to set aside the order granting the injunction and the order for the defendant to file inventory and appraisement. I respectfully enter my dissent to the contrary view of the majority.