**CITY OF LUBBOCK, Appellant,**

v.

**J. W. WALSH et al., Appellees.**

**No. 6796.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 22, 1958.

Rehearing Denied Oct. 27, 1958.

Vaughn E. Wilson, City Atty., and Fred O. Senter, Jr., Asst. City Atty., Lubbock, for appellant.

Boling & Griffith, Lubbock, for appellees.

CHAPMAN, Justice.

J. W. Walsh and S. P. Boling instituted this suit against the City of Lubbock to remove the cloud placed on S. P.

Boling's title to Lots 7 and 8 in Block 10, Sunny Hill Addition to the City of Lubbock and J. W. Walsh's title to Lot 9 in said block, alleging said respective titles were clouded by virtue of purported paving assessment certificates issued by the City of Lubbock in its attempt to create paving liens against said property. By cross-action the City of Lubbock sought judgment against J. W. Walsh, M. E. Walsh, John Lee Smith and S. P. Boling, individually for the respective amounts alleged and for foreclosure of their alleged paving liens against the lots above named. In the alternative they asked for foreclosure of an undivided one-half interest in said lots.

The case was tried to the court. Judgment was rendered removing the cloud placed on the title to the three lots named by virtue of the attempted paving liens and personal judgments were rendered against J. W. Walsh and M. E. Walsh for the costs of the paving placed by the city on the streets abutting said lots. M. E. Walsh and J. W. Walsh have not appealed from the personal judgment granted against them.

At the request of appellant the trial court made findings of fact and conclusions of law. Among the 40 separate findings the trial court made were the following in substance:

M. E. Walsh purchased the lots named in 1947; M. E. Walsh and wife Ida Hester Walsh owned Lots 7 and 8 from that time until they were conveyed by them to J. D. Nelson on January 3, 1957, and during all that time claimed them as their homestead; they nor anyone else ever at any time executed a materialman's or mechanic's lien or any contract in writing agreeing to pay any paving assessment; J. W. Walsh purchased Lot 9 in said Block from M. E. Walsh and wife in October 1952 and shortly thereafter he and his wife moved onto it and have been living there ever since; on May 24, 1956, the City of Lubbock enacted a final reading ordinance authorizing a paving contractor to pave the abutting streets to said Lots 7, 8 and 9 at a total cost of $1,272.53, the streets were paved and the costs thereof were attempted to be assessed against J. W. Walsh, M. E. Walsh, John Lee Smith and S. P. Boling; in February 1952, in the District Court of Lubbock County, Ida Hester Walsh secured a divorce from M. E. Walsh, on March 10, thereafter, M. E. Walsh gave notice of appeal; later perfected it, and on September 22 in the same year the Court of Civil Appeals reversed the divorce decree and the parties immediately started living together again as husband and wife; on February 27, 1954, Ida Hester Walsh secured another divorce from M. E. Walsh, which was not appealed from, but in less than 10 days they remarried and started living together again; M. E. Walsh and wife were living on Lots 7 and 8 at, prior, and subsequent to the time the city enacted the ordinance calling for paving the abutting street; on May 1, 1952, during the interim in which the divorce appeal was pending Ida Hester Walsh in the name of Ida Walsh Carr executed an instrument pertaining to one-half interest in Lots 7, 8, 9 and 10 in said block and subdivision to S. P. Boling and John Lee Smith, which recited the real consideration for the instrument was legal representation in a suit for divorce and a recovery of an undivided one-half interest in all community property acquired during marriage; prior to filing the divorce suit that was appealed and reversed Ida Hester Walsh executed a contract of employment with Boling, Smith and Allen (Allen left the firm before the case was tried) for said attorneys to represent her in the prosecution to final judgment of her suit for divorce and division of community property and agreed to convey to them one-half of the real estate recovered, but the attorneys never prosecuted the case to final judgment and never recovered any real estate for her; the attempted conveyance by Ida Walsh Carr to John Lee Smith and S. P. Boling was

understood by all parties to the conveyance to be an undivided one-half interest in her undivided one-half interest she was seeking to recover from her husband in the divorce action; during the time M. E. Walsh and his wife were separated and the divorce case pending he was under injunction to stay away from the home; during the time the divorce case was pending M. E. Walsh visited around from one place to another with relatives but he and Mrs. Walsh corresponded; he never left her with intention of abandoning her, he stayed away from her only while he was enjoined, and he never at any time left Lots 7 and 8 with the intention of never returning; neither J. D. Nelson nor S. P. Boling at the time of accepting their respective conveyances assumed the payment of any assessment issued by the City of Lubbock against Lots 7 and 8 for paving nor did they assume the payment of any purported paving lien; neither J. W. Walsh nor M. E. Walsh ever at any time subsequent to the issuing of said paving assessment agreed to pay for the paving abutting the lots involved herein; after the appellate court reversed the divorce case appealed by M. E. Walsh, John Lee Smith and S. P. Boling disclaimed any interest in Lots 7, 8 and 9 and advised the City of Lubbock, prior to the time of the attempt on the part of the city to assess a paving lien against the property, that they neither owned nor claimed any interest in it; when requested to do so Messrs. Smith and Boling executed and delivered to M. E. Walsh a quit claim deed to Lots 7 and 8. Neither J. D. Nelson nor S. P. Boling assumed the payment of any assessment attempted to be placed against said lots by said city at the time of accepting their respective conveyances.

Certain facts were also stipulated, as follows: Ida Hester Walsh filed suit for divorce against M. E. Walsh on January 3, 1951, but the case was later dismissed; at the time Ida Walsh Carr executed the instrument of May 1, 1952, to S. P. Boling and John Lee Smith she and M. E. Walsh had no minor children, natural or adopted

living with them; after the paving abutting Lots 7, 8 and 9 was finished the paving assessment certificates were issued to J. R. Fanning, the paving contractor, who duly assigned them to the city; appellees made demand upon the city to release the purported liens, which demands were refused; Ida Hester Walsh and Ida Walsh Carr were one and the same person, her maiden name having been Ida Carr.

■■■ Testimony adduced on the trial of the case, the fact stipulations made by the parties, and the findings of fact made by the trial court constituted ample grounds for such court to legally conclude that Lot 9 was the homestead of J. W. Walsh and wife, Thelma Walsh from the time they purchased it in 1952 and that Lots 7 and 8 were part of the homestead of M. E. Walsh and wife from the time they purchased them in 1947 until they sold them to J. D. Nelson in January 1957. John Lee Smith and S. P. Boling, attorneys, both testified in substance that they took the divorce case for Ida Hester Walsh on a contingency basis for one-half of her one-half of the community property. The deed from her attempts to convey a full one-half interest, or her full interest in the community. The attorneys' contract of employment with her, introduced in evidence, corroborates their statement and shows the real consideration. Since they never recovered a final divorce or any of the property, then it is fundamental that there was no consideration for the deed and they never earned any interest in the lots. The question then presents itself as to whether parol evidence was admissible to establish the fact that there was no consideration for the execution of the deed.

Our courts from early days resolved that question against appellant's contention. McCampbell v. Durst, 73 Tex. 410, 11 S.W. 380; Central Bank & Trust Co. v. Ford, Tex.Civ.App., 152 S.W. 700 (writ refused).

Such evidence was also admissible in this case because of the mutual mistake pleaded by appellees as to the interest sought to be

conveyed to the attorneys by Ida Hester Walsh in the name of Ida Walsh Carr. Craft v. Hahn, Tex.Civ.App., 246 S.W.2d 897; Missouri-Kansas-Texas R. Co. of Texas v. Pluto, Tex.Com.App., 138 Tex. 1, 156 S.W.2d 265; Wiseman v. Privoth, Tex. Civ.App., 310 S.W.2d 600.

In view of what we have just said we believe it is unnecessary to write on appellant's contention to the effect that Ida Hester Walsh had the right to convey her interest in the lots to the attorneys for a legal fee. Particularly is this true when we consider the fact that the trial court found her husband did not abandon her. His findings on the question has sufficient support in the evidence.

■ We find no support in the record of this case for appellant's contention that the trial court erred in not holding that appellee S. P Boling is estopped to assert the invalidity of his previous record title to an undivided one-half interest in Lots 7 and 8. One of the attorneys, John Lee Smith, testified " * * * There were some parties, who, I do not know, called me more than once from the City office about this paving assessment and sent me notices through the mail and I told them I had no interest in it."

Mr. Boling corroborated Mr. Smith's testimony saying: " * * * I was contacted by several people, either in person and over the telephone who advised that they were employees of the City as well as J. R. Fanning & Co., with reference to obtaining a contract in writing to pave the property in question here. * * * I advised them that neither John Lee Smith nor I owned any interest in that, and explained why we had no interest, that we—she was never divorced in the suit, that that attempted deed of conveyance was a nullity, that she was the wife of M. E. Walsh at all times. And they went ahead and paved it anyway. * * * "

M. E. Walsh testified:

"Q. Did anyone contact you with reference to obtaining a written con-

tract from you to pave the streets abutting that property out there? A. Yes.

"Q. Did those people advise you that they were agents of the City of Lubbock. A. Their paving contractor.

"Q. That's Fanning? A. I don't know who it was.

"Q. Well, now, do you know of your own knowledge whether or not Mrs. Walsh went to the city hall and talked to Mr. McCullough? A. She did.

"Q. Mr. McCullough, do you know what position he held with the City at that time? A. I think Public Works Administrator.

"Q. I see, and you know Mr. Mc-Cullough? A. Yes.

"Q. Did you advise those agents that contacted you with reference to obtaining a written contract to pave that street out there that you and your wife owned that property. * * * A. I did.

"Q. And you did not want it paved? A. That's right."

Under the state of facts as just related we can find no legal grounds for appellant's contention of estoppel. In 17 T.J., pp. 128, Sec. 2, it has been very succinctly stated that "the idea or notion which adheres in the word 'estoppel' is that one who by his speech or conduct has induced another to act in a particular manner ought not to be permitted to adopt an inconsistent position, attitude or course of conduct and thereby cause loss or injury to such other."

The case by this court of Mauritz v. Schwind, Tex.Civ.App., 101 S.W.2d 1085, 1091, cited by appellant as authority for its claim of estoppel quotes with approval from another case [Milmo Nat. Bank v. Cobbs, 53 Tex.Civ.App. 1, 115 S.W. 345] as follows: "The enunciated rule is founded on that principle of right and justice which estops a party from escaping liability where

he has caused another to lose some right or vantage ground by his acts, words, or conduct," and furnishes, when considered in the light of the facts of our case, more authority against estoppel than for it.

In Robertson v. Vernon, Tex.Civ.App., 3 S.W.2d 573, at page 575, affirmed Tex.Com. App., 12 S.W.2d 991, it is said: "There can be no estoppel where the truth is known to all of the parties."

In Kuykendall v. Spiller, Tex.Civ.App., 299 S.W. 522, at page 527, it is said: " * * if the estoppel invoked is one by deed of the adverse party, the burden is upon the one invoking it to show that he was misled to his injury by reason of his reliance upon the recitals in the deed, and that he had no notice of facts contrary to those recited."

The trial court having found by sufficient support in the evidence "that prior to May 24, 1956, and while the City of Lubbock was attempting to obtain contracts in writing by the property owners to pay for the paving adjacent to their lots, and while M. E. Walsh and his wife were living in their home on Lots 7 and 8 in Block 10, M. E. Walsh advised the City of Lubbock that said home was all the property he owned and that he would not sign anything agreeing to pay for the paving to be placed around his lots", the attorneys having advised the city and the contractor they did not own or claim any interest in any of the lots, appellant has completely failed under the authorities above cited to establish its claim of estoppel.

There is no question in this case of collusion between S. P. Boling, J. D. Nelson, and M. E. Walsh, or either of them to avoid the paving assessment lien attempted to be placed on the property by the City of Lubbock. It is without contradiction in the case that J. D. Nelson gave full and valuable consideration when he purchased Lots 7 and 8 from M. E. Walsh and wife and that S. P. Boling paid several hundred dollars more for the property when he purchased it from J. D. Nelson than the latter paid in the purchase from Walsh.

■ Whether the trier of the facts is the judge or jury, in testing the sufficiency of the evidence to determine if it supports the findings we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary, indulging every legitimate conclusion tending to uphold such findings. Truelove v. Truelove, Tex.Civ.App., 266 S.W.2d 491; City of Austin v. Salazar, Tex. Civ.App., 241 S.W.2d 445; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683; Fenn v. Boxwell, Tex.Civ.App., 312 S.W.2d 536; Rodriguez v. Garcia, Tex.Civ.App., 309 S.W.2d 509; Gray v. Luther, Tex.Civ. App., 195 S.W.2d 434; City State Bank in Wellington v. Wellington Independent School District, Tex.Civ.App., 173 S.W.2d 738, affirmed 142 Tex. 344, 178 S.W.2d 114.

We believe the trial court, under the facts revealed by this record, correctly disposed of the case. Accordingly, the judgment of the court below is in all things affirmed.