Mary Edna OLIVER, Appellant,

v.

ESTATE of Ellis LANDRY, Deceased, Appellee.

No. 13447.

Court of Civil Appeals of Texas.

Houston.

Aug. 27, 1959.

**924**

Hay, Kirk & Baggett, Houston, Russell T. Van Keuren, Houston, of counsel, for appellant.

U. Stanley Ardoin, Houston, for appellee.

BELL, Chief Justice.

The appellant, Mary Edna Oliver, was the sister of Ellis Landry. The appellee, Annie Woods Landry, claimed to be the surviving widow of Ellis Landry, she claiming to have been the wife of Ellis Landry by virtue of a common law marriage. Appellee filed an application in the Probate Court of Harris County to be appointed Administratrix of the estate. The appellant filed a contest to appellee's application and also asked that she be appointed Administratrix. Too, appellant filed a petition asking the Court to declare heirship. The Probate Court found appellee to be the common law wife of Ellis Landry and appointed her Administratrix of his estate.

On appeal to the District Court that Court also found her to be the common law wife of Ellis Landry and confirmed her appointment as Administratrix of his estate.

There is one Point of Error asserted by appellant. It reads as follows:

"The error of the Trial Court in finding Annie Woods to be the common-law wife of Ellis Landry when the evidence was conclusive that Annie Woods, at least for certain purposes, held herself out to be the unremarried widow of Arthur Woods."

▆ We are limited in reviewing the action of the Trial Court to errors asserted on appeal.

As we interpret the Point, it is claimed that no common-law marriage was established, not because there was a failure to prove an agreement to become husband and wife or a failure to prove cohabitation, but because the evidence as a matter of law established that at least for certain purposes appellee held herself out as the unremarried widow of Arthur Woods and the effect of this was to negative the requisite of a holding out of her and Ellis Landry as husband and wife.

The effect of the testimony of several witnesses was that appellee and Ellis Landry lived together from sometime in 1950 or 1951 until his death in 1957; that they were generally reputed to be husband and wife; that appellee introduced Ellis as her husband and he introduced her as his wife; that his family wrote them addressing the correspondence to "Mr. and Mrs. Ellis Landry"; that appellee cooked for Ellis and his friends in the home where she and Ellis lived; that appellee and Ellis had a joint savings account; that they executed and filed joint income tax returns, and that appellee as beneficiary in some life insurance policies was described as Ellis' wife.

All of this is sufficient to establish that appellee and Ellis held one another out to the public generally as husband and wife.

Appellant contends the effect of this is completely destroyed by reason of the fact that the evidence showed that during all of this time appellee was representing to the Veterans Administration of the United States that she was the unremarried widow of Arthur Woods. The evidence does show that each year appellee filed a statement with the Veterans Administration that she was the unremarried widow of Arthur Woods. This enabled her to continue to collect a pension as his widow. On one occasion in an application for insurance Ellis described appellee as his cousin. Too, appellee made purchases of some merchandise on credit in her name. She explains this as being done because her credit was good and his was bad.

■ We think this was merely evidence from which the trier of the facts could have held there was not a sufficient holding out. However, the other evidence above set out was sufficient to establish there was a general holding out to the public that appellee and Ellis were husband and wife. We cannot hold that the instances where she held herself out as Annie Woods, the widow of Arthur Woods, were sufficient to establish as a matter of law there had not been a holding out to the public generally that they were husband and wife. De Beque v. Ligon, Tex.Com. App., 292 S.W. 157.

A fact issue was raised and the Court found the issue adversely to appellant.

■ There being no contention in this appeal of the want of testimony, or of its sufficiency, to establish an agreement to become husband and wife or to establish cohabitation, and there being evidence to support the Trial Court's finding that appellee and Ellis Landry held themselves out to the public generally as husband and wife, and there being no attack on the sufficiency of the evidence to support the finding, the judgment of the Trial Court is affirmed.