**Richard Daniel DIXON et al., Appellants,**

v.

**T. E. DIXON, Jr., et al., Appellees.**

**No. 10877.**

Court of Civil Appeals of Texas.

Austin.

July 5, 1961.

Cox, Brown & Daniel, Temple, for appellants.

Anderson & Eichelberger, Waco, for appellee Dorothy Mae Taylor Whittington.

Taylor & Taylor, Temple, for T. E. Dixon, Jr.

ARCHER, Chief Justice.

This suit involved the estate of T. E. Dixon, M. D., and a determination of heirship.

Dr. Dixon died February 1, 1958, intestate, in Temple, Texas, and on February 4, 1958 T. E. Dixon, Jr., was appointed temporary administrator of the estate.

On February 14, 1957 Richard Daniel Dixon filed his petition in the County Court of Bell County seeking a determination as to who are the heirs of Dr. Dixon and the share or interest of such heirs.

The pleadings alleged that the heirs were Richard Daniel Dixon, Ernest Gordon, John J. Dixon, Alice Dixon Johnson, Madeline Dixon Short, Johnnie Mae Dixon Wallace and Connie Dixon Daniels and were plaintiffs and that T. E. Dixon, Jr., defendant, is not a lawful heir, and plead further the interests of the plaintiffs.

T. E. Dixon, Jr., answered and alleged that he was the sole and only heir of Dr. Dixon, having been born to Rhoda Womack Dixon and Dr. T. E. Dixon who were married in 1917, and prayed that he be declared to be the only heir of Dr. Dixon and entitled to the estate.

On May 26, 1958 Dorothy Mae Dixon Taylor filed a plea of intervention in the cause and alleged that she was a daughter of T. E. Dixon and Mildred Cosby Hudlin who were married in the month of September, 1924 and that she was born June 16, 1925; that her mother and father consummated a valid, express marriage agreement, cohabiting together as husband and wife and holding themselves out to the public as such for a period of two years; that she had been recognized and acknowledged by her father as his child who had cared for her and educated her and she prayed that she be found to be the heir of T. E. Dixon.

Disclaimer of any interest in the estate of Dr. Dixon was filed by Mildred Cosby Hudlin and Rhoda L. Womack Dixon.

Robert Alvin Payne, Ruth Etta Payne and Johnnie Williams intervened in the cause claiming to be related by half blood to Thomas E. Dixon by virtue of having the same father.

The judgment of the County Court declaring heirship is not in the record but since there was an appointment of Richard Daniel Dixon as administrator of the estate of T. E. Dixon and the appeal to the District Court was taken by T. E. Dixon, Jr. and Dorothy Mae Taylor Whittington, such judgment was against them.

The pleadings filed in the County Court were refiled in the District Court and a trial was had with the aid of a jury.

The Court by appropriate definitions and instructions submitted the case on the following issues, to which the jury made its answers as indicated:

"Special Issue No. 1: Do you find from a preponderance of the evidence that Dr. T. E. Dixon was the parent and father of T. E. Dixon, Jr.?

"Answer 'Yes' or 'No'. Answer Yes.

"If you have answered the above issue 'Yes', then answer Special Issue No. 2; otherwise you need not answer it.

"Special Issue No. 2: Do you find from a preponderance of the evidence that Dr. T. E. Dixon and Roda Womack were ceremonially married to each other at the time of the birth of T. E. Dixon, Jr.?

"Answer 'Yes' or 'No'. Answer Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence that Prof. John Fisher Payne was the parent and father of Dr. T. E. Dixon?

"Answer 'Yes' or 'No.' Answer Yes.

"If you have answered the above issue 'Yes', then answer Issue No. 4; otherwise you need not answer it.

"Special Issue No. 4: Do you find from a preponderance of the evidence that Prof. John Fisher Payne and Edith Dixon were lawfully married to each other at the time of the birth of Dr. T. E. Dixon?

"Answer 'Yes' or 'No'. Answer No.

"Special Issue No. 5: Do you find from a preponderance of the evidence that Dr. T. E. Dixon was the parent and father of Dorothy Mae Taylor Whittington?

"Answer 'Yes' or 'No'. Answer Yes.

"If you have answered the above issue 'Yes', then answer Issue No. 6; otherwise you need not answer it.

"Special Issue No. 6: Do you find from a preponderance of the evidence that Dr. T. E. Dixon and Mildred Cosby were married by common law to each other at the time of the birth of Dorothy Mae Taylor Whittington?

"Answer 'Yes' or 'No'. Answer Yes.

. "Special Issue No. 7: Do you find from a preponderance of the evidence that Prof. John Fisher Payne and Mary Woods were ceremonially married to each other on or about the 28th day of August, 1898?

"Answer 'Yes' or 'No'. Answer Yes.

"After the argument, you will retire, select your own foreman and consider *of* your verdict and as you find so state, signing the same by your foreman at the blank below.

"s/ Jas. K. Evetts
Judge Presiding

"We, the jury return our verdict into open court by our answers to the foregoing special issues.

"s/ Mrs. Kathryn Fulwilder
Foreman."

Motion for judgment was filed by the appellees T. E. Dixon, Jr. and Dorothy Mae Taylor Whittington and by Richard Daniel Dixon et al., appellants herein, which was overruled in part and sustained in part.

Based on the jury verdict the Court entered judgment as follows:

"It is therefore ordered, adjudged and decreed that T. E. Dixon, Jr. and Dorothy Mae Taylor Whittington are the next of kin of T. E. Dixon, deceased, and that as next of kin they are entitled to receive the estate of T. E. Dixon, deceased, and that as such they are entitled to share equally in said estate; that T. E. Dixon, Jr. should be and he is hereby appointed Administrator of the Estate of T. E. Dixon, deceased; and that Richard Daniel Dixon, who has heretofore been appointed Administrator of said Estate, is to proceed with the closing of the administration and the delivery of the assets and the full and final accounting by him as required by law to T. E. Dixon, Jr."

The appeal is from this judgment and is founded on eight points assigned as error and are that the evidence is insufficient as a matter of law to support the finding of the jury in answer to Special Issue No. 6; that T. E. Dixon and Mildred Cosby were married by common law and that the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and that the evidence is insufficient as a matter of law to support the jury's answer to Special Issue No. 2 and is so against the great weight and preponderance of the evidence as to be clearly wrong; in not permitting appellants herein to open and close the argument; in submitting Special Issue No. 7 to the jury, because such issue was not an ultimate issue, and there was not sufficient evidence to support the submission of the issue and constituted a comment on the weight of the evidence, and that such issue was immaterial to any issue in the case.

The intervenors Robert Alvin Payne et al. have not appealed from the judgment and they are not before this Court for any purpose.

■ We do not believe that the Court erred in submitting Issue No. 6 inquiring if Dr. T. E. Dixon and Mildred Cosby were married by common law and we believe that the answer of the jury is reasonably supported by the evidence.

Mildred (Cosby) Hudlin testified that she was 54 years old; that she met Dr. Dixon in Waco, Texas, when she was about 17 years of age and they became intimate and she became pregnant; that her father opposed her association with Dr. Dixon; that the baby, Dorothy, was born in 1925; that she and Dr. Dixon agreed to become husband and wife and did so and lived together as such, either in a room adjoining the doctor's office or in a rented room a few miles from Mart owned by a lady named Owens; that she was introduced to a number of people by the doctor as his wife; that she went to her grandmother's house in Caldwell where the child was born; that the doctor sent her money from time to time; that she returned to her mother's house in Mart and was sick while the baby was little; that her father violently opposed her marriage to Dr. Dixon and threatened violence if she did so, and that because of this she kept her marriage a secret from him. The witness testified that she lived in Mart until the baby was about 3 years old and by that time she and Dr. Dixon had busted up and that later she married Willie Malone; that she did not know anything about getting a divorce and that she, Dorothy and Willie moved to Waco; that three years later she was divorced from Malone; that he got the divorce; that Dr. Dixon visited Dorothy, took her to church and introduced her as his daughter; that Dr. Dixon paid all of Dorothy's tuition and gave her money to go to school and college and later bought and gave Dorothy a grocery store; that in later years Dr. Dixon took out insurance on Dorothy's four children.

■ There was much testimony given by other witnesses whom the jury saw and heard and resolved the fact issues and we indulge every legitimate conclusion tending to uphold the jury's findings. City of Lubbock v. Walsh, Tex.Civ.App., 316 S.W.2d 923, er. ref. N. R. E., McIlveen v. McIlveen, Tex.Civ.App., 332 S.W.2d 113.

■ Then, too, the presumption of the validity of a marriage is one of the strongest known to the law. Watson v. Todd, Tex.Civ.App., 332 S.W.2d 422.

There is no evidence that Dr. Dixon ever at any time denied his daughter and to bastardize her now after his death would not be right. Oliver v. Landry's Estate, Tex.Civ.App., 326 S.W.2d 923.

The third and fourth points presented by appellants are that the evidence was insufficient as a matter of law to support the findings of the jury and so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

■ We believe that the evidence was sufficient to support the submission of and the answers of the jury to Special Issues Nos. 1 and 2 inquiring if Dr. T. E. Dixon was the father of T. E. Dixon, Jr. and if so were Dr. T. E. Dixon and Rhoda Womack ceremonially married to each other at the time of the birth of T. E. Dixon, Jr. and reasonably supports the jury's findings.

Rhoda Dixon testified that she met Dr. Dixon in Waco, Texas, where she was attending Paul Quinn College in the years 1916 and 1917 at Dr. Dixon's mother's cafe, and began to go out with him. Dr. Dixon began the practice of medicine at Mart, Texas, about 1917. The witness testified that she returned to her home at Butler, Texas and found that she was pregnant and that Dr. Dixon was the father of the unborn child and that she went to her brother's house in Luling, Texas, where he was a minister of a church, and informed him of her condition and that the brother wrote to Dr. Dixon and after some weeks she went

to Mart and Dr. Dixon met her at the train and took her to his combination office and home; that she and Dr. Dixon were then married, a Reverend Wade performing the ceremony; that her uncle and aunt, Mr. and Mrs. Davis, were present and another woman whose name she did not recall. The witness testified that she went to her aunt's house and returned to the doctor's living quarters and spent the night with him in a small bedroom and remained there for about a week; that she then went to her home at Butler and did not see the doctor for some time; that she corresponded with her husband and that in his letters to her he addressed her as Dixon; that she saw Dr. Dixon in Waco and he referred to her in the presence of others as his wife; that a baby boy whom they named Thomas Edison Dixon, Jr., was born on January 16, 1918.

The witness testified that she and the doctor grew apart and did not continue to live together and that she filed a suit for a divorce in Freestone County, naming her lawyer, but the records show no more than the filing of the suit and do not show what disposition was made. She repeated what the lawyer told her that he would go ahead with the case.

A number of letters identified as written by Dr. Dixon were offered in evidence, one of which, addressed to Dear Roda, recited the receipt of a letter and advised her to quit worrying about Thomas and ending "Love to all." Another dated October 2, 1943 addressed to Dear Thomas and advises him about what he should do and is signed "Dad." Another letter dated November 30, 1940 addressed to Mr. Thomas E. Dixon, as Dear Thomas, giving advice and inviting Thomas to come for Christmas, and is signed "I am yours—Dad."

The testimony is that Thomas went to college and graduated and has a Master's Degree from Texas Southern University and that he taught school and that Dr.

Dixon contributed to Thomas Dixon's education, bought his clothes, paid his tuition, bought his books and paid other expenses.

There was extensive testimony given by witnesses called by the appellants concerning the acts and conduct of Dr. Dixon, all of whom were observed and the testimony heard by the jury which chose to accept the testimony of other witnesses called by appellees and we believe they were justified in doing so.

■ In testing the sufficiency of the evidence to determine if it supports the jury's findings we must give credence to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary, indulging every legitimate conclusion tending to uphold the findings. City of Lubbock v. Walsh, Tex.Civ.App., 316 S.W.2d 923, er. ref., N.R.E.; Hughes, Inc. v. Moran, Tex.Civ.App., 325 S.W.2d 829, er. ref., N.R.E.

■ The fact that no marriage license issued to Dr. T. E. Dixon and Rhoda Womack Dixon was offered in evidence is no proof that a license was not issued, but only circumstances to be considered with other testimony. Such a license could have been issued in any other county in Texas. Janelli v. Janelli, Tex.Civ.App., 216 S.W.2d 587, 227 S.W.2d 889.

·[7] We do not believe that there was error in failing to permit appellants to open and close the arguments to the jury because appellees had the burden of proof on the Special Issues Nos. 1 and 2 and on Special Issues Nos. 5 and 6, placed there by the charge. Rule 266, Texas Rules of Civil Procedure; Subsection (a) of Rule 269, T.R.C.P.; City of Teague v. Stiles, Tex. Civ.App., 263 S.W.2d 623, er. ref., N.R.E.

The judgment of the trial court is affirmed.

Affirmed.